## THE STATE v. CLOUSER.

1. **Criminal Practice:** PROCEDENDO: REMANDING CAUSE FOR NEW TRIAL: WHAT AMOUNTS TO. Where this court reversed a judgment of conviction on account of errors occurring on the trial, which errors were set out in the opinion, and the *procedendo* advised the district court of such reversal, and directed it to proceed in the case according to law and in harmony with the opinion, *held* that this was a remanding of the case for a new trial, and gave the district court jurisdiction to put the defendant again on trial.

2. ——: SUFFICIENCY OF EVIDENCE: DISCHARGE ON APPEAL. In this case defendant, upon a trial on *procedendo*, moved in arrest of judgment on the ground that this court had, on an appeal from a former trial, held that the evidence on that trial was insufficient to convict, and that, therefore, the district court had no authority to do anything except to enter a judgment of acquittal. But *held* that the interpretation thus put upon the former opinion (see 69 Iowa, 313) was wrong,— that opinion only holding that, *aside from the testimony of an accomplice*, the evidence was insufficient to support the verdict of guilty.

3. ——: ARGUMENT TO JURY: MISCONDUCT OF DISTRICT ATTORNEY: REFERENCE TO FORMER VERDICT. Where upon a retrial of a criminal cause the prosecuting attorney, in argument to the jury, refers to the fact that the defendant was found guilty on a former trial on the same charge, a verdict of guilty must be set aside and a new trial awarded, under § 4488 of the Code.

*Appeal from Mills District Court.*

THURSDAY, JUNE 30.

THE defendant was convicted of the murder of William Doran, and sentenced to confinement in the penitentiary at hard labor for life.

*Stone & Gilliland* and *E. Starbuck*, for defendant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—This cause has once before been in this court. See *State v. Clouser*, 69 Iowa, 313. The evidence relied on by the state in the former trial to establish the guilt of the defendant is quite fully set out in the opinion in the former

appeal, and a restatement of it is not deemed necessary at this time.

I. The opinion reversing the former judgment pronounced against the defendant was filed on the 22d of June, 1886, and *procedendo* in the usual form was issued soon afterwards. The cause was retried in September following. Counsel for the defendant filed a motion in arrest of judgment on the grounds (1) that the cause had not been remanded by this court for a new trial, and consequently the district court did not have jurisdiction to again put the defendant upon trial; and (2) that the holding of this court, as shown by the opinion, was that the evidence given upon the former trial was insufficient to warrant a verdict of guilty against the defendant, and that such holding was equivalent to an acquittal, and consequently the only action which the district court could take in the cause was to enter an order discharging the defendant. The *procedendo* advised the district court of the reversal of the judgment, and directed it to proceed in the case in the manner required by law, and in harmony with the opinion of this court. The holding of the opinion in effect is that defendant was entitled to a new trial because of the errors occurring on the previous trial, which are specifically pointed out in the opinion. No other order remanding the cause was necessary; nor is it usual, in like cases, to make any order remanding the cause except that contained in the *precedendo*. The cause was therefore properly before the district court for trial.

The second ground of the motion is based upon a misapprehension of the holding of this court on the former appeal. We did not hold, nor did we intend to hold, that the evidence, including that of the accomplice McCrary, was not sufficient to warrant the verdict. That witness testified upon both trials that the killing of Doran was committed in pursuance of a conspiracy entered into by himself, the defendant, and another person, and that

*1. CRIMINAL practice: procedendo: remanding cause for new trial: what amounts to.*

*2. ——: sufficiency of evidence: discharge on appeal.*

defendant was present at the killing, and fired the fatal shot. If his story is true, defendant is guilty beyond question; but whether credit should be given to it was a question for the jury, and we had no intention of invading their province. But the district court had submitted to the jury the question whether, disregarding his testimony, the guilt of the defendant was established by the other evidence in the case ; and we were of the opinion that there was no sufficient evidence, aside from that of McCrary, to warrant the submission of the question to the jury, and that is all that is held by the opinion. The closing sentence of the opinion, which contains the language relied on by counsel, has reference to the other evidence in the case, and not to McCrary's testimony. In this connection, we deem it proper to call attention to the fact that the reporter, as is shown by his head-note of the case, has fallen into the same error.

II.    The district attorney, in his argument to the jury, made use of the following language:  " The defendant was held on preliminary examination, as is shown by the evidence, and indicted by the grand jury. He has been tried twice in this court by a jury of twelve men. Forty men have tried this defendant on this charge, and have found him guilty." It appears by the record before us that the district court had set aside one verdict of conviction against the defendant before that from which the former appeal was taken, but the ground upon which that was done is not shown. Section 4488 of the Code has reference to new trials in criminal cases, and is as follows :  " The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict cannot be used or referred to either in evidence or argument." The reference by the district attorney to the former verdicts was in violation of the last provision of this section. It was also as clearly a violation of the legal rights of the defendant. Every man accused of

*3. ——: argument to jury; misconduct of district attorney: reference to former verdict.*

a public offense has the right to have the independent and deliberate judgment of his triers pronounced upon the evidence adduced upon his trial. But in this case the fact that two juries, who had listened to substantially the same evidence, had been convinced by it that the defendant was guilty, was called to the attention of those who were trying him, and whose duty it was to determine the question alone from the testimony in the case; and this was done, as we are bound to presume, for the sole purpose of influencing their judgment.

The deduction to be drawn from the statement of the district attorney is, that the sufficiency of the evidence to establish that defendant is guilty of the crime of which he is accused was established by the former verdicts. It does not appear that this argument was urged by the district attorney ; but, when the attention of the jury was called to the facts alleged in the statement, there was probably but little necessity for making it.

The courts are often subjected to criticism for disturbing verdicts in criminal causes upon what are denominated technical grounds ; but the legislature has been careful to prescribe the rules which must govern the trial of such causes, and it is the province and duty of the courts to administer the law as it is written. If one express provision of the statute may be disregarded in a particular case, others may be violated in other cases ; and there would not only be uncertainty in the administration of the law, but all rights of persons and property would be put in jeopardy. The rule established by the section quoted above is absolutely essential to fairness and justice in the retrial of criminal causes ; and it would be the law on the question independently of any statutory provision.

As we reach the conclusion that the judgment ought to be reversed on this ground, we do not consider the question of the sufficiency of the evidence to sustain the verdict.

REVERSED.