The opinion of the court was delivered by
Nicholls, C. J.
On January 13, 1897, the grand jury of the parish of Iberville indicted the defendant for murder. On this indictment he was tried by a petit jury on January 25, and on the following day was found guilty of manslaughter. He immediately applied for a new trial on the ground (first) that the verdict was contrary to law and the evidence; and (second) because one of the jurors in the case was not a citizen of the parish. After evidence adduced the motion was sustained, but without assignment of the grounds upon which the ruling was made.
On July 12, 1897, at a subsequent term of the court, defendant filed the following plea in the case:
“ Now into the court by his undersigned counsel comes the defendant, and upon suggesting to the court that he has been acquitted of the charge of murder by a petit jury at the last jury term ©f this court in and for .the parish of Iberville, pleads said acquittal, in bar of any further proceedings against him for murder. Wherefore he prays that said charge of murder against him be dismissed, and further prays for costs and for general relief.”
We find in this record the following entry as of the 13th of July:
“State vs. Dennis Smith.
The plea of autrefois acquit filed in this cause Vwas this day taken up, submitted and sustained J by the court in so far as the charge of murder was concerned.”
The case was on the 15th of July fixed for trial for the 28th of the month. On that day leave was granted defendant’s counsel to file a “ protest,” which, according to the record, was taken up, submitted and overruled by the court.”
It read as follows:
“ Into this Honorable Court comes Dennis Smith, by his counsel, and, suggesting to the court that a plea of autrefois acquit urged by *1517 him, in so far as the charge of murder is concerned, has been sustained by the court, as appears from the minutes of the court hereto annexed as a part hereof, protests against going to trial in this case for the following reasons:
“ 1. Because no indictment or informationis filed in this case charging him with any crime, as required by law.
“ 2. Because if any indictment or information has been filed herein, which is not admitted, but specially denied, no copy of same has been served on appearer, as required by law. Wherefore, the premises considered, appearer protests against going to the trial of this case until these requirements of the law have been complied with, and further prays for general, special and equitable relief in the premises.”
On the trial of this exception or protest it was admitted “ that the indictment against the defendant for murder in suit No. 1355, State vs. Dennis Smith, a truebill, Charles E. Grace, foreman, indictment — murder—was served on the defendant as required by law, as stated in the return of the sheriff of said service.”
The court, over defendant’s objections, ruled him to trial, and he reserved a bill of exceptions to the ruling and action of the court. In this bill he stated and complained that, although the original indictment in the case was duly served on the accused previous to the first trial of the accused for murder, neither the same indictment with the verdict thereon nor any other indictment was served upon him.
The judge’s addendum to the bill was as follows:
“The motion, so far as it affects the validity of the indictment, is not in the proper form as required by the rules of criminal practice, which should have an,exception in bar or a motion in arrest of judgment. As the legal question presented under the second ground of the motion is also involved in the first, it may be considered of better consequence.
“ The idea of defendant’s counsel is that the defendant should have been reindicted. I regard this question as settled adversely to counsel’s idea, and deem it only necessary te refer the court to the authority on the subject. State vs. Byrd, 31 An. 419; State vs. Hornsby, 8 Robinson, 588.
“The cases of State vs. Chandler, 5 An. 489, and State vs. Desmond, 5 An. 398, were remanded to be tried evidently on the same indictment. The counsel for defendant was apprehensive that the *1518 jury might be misled by the charge of murder, and desired that it might be eliminated in advance by a motion that he presented. This was sustained in so far as the charge of murder was concerned. I understood that the counsel acquiesced in this proposition. Having been legally arraigned, as the record shows, and from the admission of the defendant previous to the first trial, a second arraignment was unnecessary.
“ Defendant reserved two other bills of exception. The first bill recites that when the jurors were called and examined on their voir dire the District [Attorney proceeded to state to them that the accused had been indicted for murder, but that a petit jury had found him guilty of manslaughter, which in law amounted to an acquittal for murder, and that, therefore, the accused was only on trial for manslaughter; that accused objected to these explanations and statements for the reasons stated in the bill of exceptions reserved to the ruling of the court to trial over his protest and objections, and because that the statements were calculated to prejudice the case of the accused; that the court overruled the objections and permitted the District Attorney to make these statements and explanations to the jurors who were in turn accepted and sworn to try the case.”
The judge made the following statement in regard to this bill: “ The question as stated by counsel is more elaborate than that propounded by the District Attorney, which was that defendant had been indicted for murder and was now being tried for manslaughter, but I imagine that this is immaterial. The jurors were on their xoir dire and the question was essential in order to inform them of the character of the case to be tried, and was according to the rule which is invariably pursued in criminal trials. The question was also based upon facts apparent upon the indictment which would have been disclosed to the jury when the indictment was delivered to them for deliberation. It would be necessary, further, for the court to state the facts involved in the question in order that the jury might not be misguided and for the protection of the defendant.”
The second bill was substantially to the same effect, differing sim - ply in the fact that it is recited that the District Attorney made the statements and explanations to the jury after the jurors had been sworn and after reading to them the indictment.
*1519 The court’s addendum to this bill was that the objections in the same were substantially embodied in the other bills and presented the same idea; that the jury could not have been prejudiced, as they were instructed in the charge that the indictment for murder and the verdict endorsed thereon should not be allowed to influence them, and the latter part of this instruction was given at the request of defendant’s counsel. That, in fact, the instruction and statement of the counsel were proper and necessary in order that the jury might fairly and properly perform their duty.
In the brief filed on behalf of the defendant his counsel declares: “There is only one point to be ¡determined by the court, which is, was there a valid subsisting indictment against the accused? If there was, it is certain that an explanation to the jurors as to how the defendant came to be tried for manslaughter was necessary, and it is also certain that the indictment had to be read to them, and the statements and explanations made by the District Attorney at the time of reading to them were again necessary * * the whole controversy has arisen from the judge of the lower court sustaining the plea of autrefois acquit without reserving to the State any right she might have to proceed against the defendant for manslaughter. In other words defendant contends that the court dismissed entirely the indictment against him absolutely and without reservation, sustaining his plea of autrefois acquit as to the charge of murder, and that if the District Attorney still desired to prosecute for manslaughter he was bound to have him reindicted by the grand jury, or he should have filed an information charging that offence. * * * It is perfectly clear that a party convicted of murder on an indictment charging murder can, if he obtains a new trial, be tried for murder on the same indictment. The theory of the law is that, while the conviction for the lesser offence dismisses from the indictment not actually but by legal contemplation the charge of the greater offence, it retains in the indictment the charge of the less offence. Suppose, however, a man is convicted of manslaughter on an indictment charging murder and a new trial is granted, if the District Attorney enters a nolle prosequi as to the charge of murder can he try the defendant for manslaughter on the same indictment if he has not reserved the right to do so? Most assuredly not. When the nolle prosequi is entered as to the charge of murder without reservation all the words in the indictment that charge murder go, there *1520 fore there is no charge of manslaughter left in the indictment.” Defendant relies upon State vs. Hornsby, 8 Rob. 584; State vs. Byrd, 31 An. 419, and Brittain vs. State, 7 Hump. (Tenn.) 159, and People vs. Porter, 4 Parker Crim. Rep. 524. It will be seen that defendant concedes that but for the fact that he filed as he did a plea of autre-fois acquit so far as the charge of murder was concerned, and that the court sustained the same, he would have no ground of complaint, and his contention even now is simply that he can not be tried on the original indictment but under an information or a newly found indictment. Where upon the trial of a person under an indictment for murder, accused is convicted of manslaughter, but on appeal the conviction is set aside on his motion, it is unquestionable [conceding that he might not be liable to be put upon his trial a second time for murder] that he may be tried for manslaughter on the same indictment — that neither law nor jurisprudence require that he could only and legally be tried on a new indictment specially charging manslaughter. (State vs. Dunn, 41 An. 612; State vs. West, 45 An. 933.) It is also clear that upon the second trial on the original indictment the District Attorney and the court would necessarily have to explain to the jury the modification in the situation, resulting from the effect of the verdict upon the first trial. (McQueen vs. the State (Ala.), 15 Southern Rep. 825; State vs. Evans, 40 An. 218.) We have, in view of these facts, simply to inquire whether the filing by the defendant of the plea of autrefois acquit as to the charge of murder, and the ruling of the court thereon, had the effect which the defendant contends for.
It is useless to enter into a general discussion as to what the situation would have been had the District Attorney entered in the ease a formal nolle prosequi as to the charge of murder for the reason that there was no nolle prosequi at all entered.
The whole claim is that by reason of the fact that defendant had under the circumstances of this case filed a plea of autrefois acquit so far as the charge of murder was concerned, and had succeeded in obtaining from the District Court a ruling sustaining that position, the whole indictment necessarily fell. If it be assumed as a conceded fact that the defendant, by having been on trial before a jury under an indictment ior murder, and by having been found guilty of manslaughter by the jury, was protected, under the circumstances of this case, through that verdict, from a further prosecution for *1521 murder, though the sentence was set aside and a new trial accorded defendant on his prayer (which is what the District Court decided) the consequences to flow from that assumed condition of affairs would be those which the law itself attached to it. Defendant, by interposing before a second trial a plea of autrefois acquit, as he did, so far as the charge of murder was concerned, and by obtaining a ruling of the District Oourt sustaining that claim, acquired through that ruling no position other and different as to the after results of the declared existing situation from what he would have otherwise held had the actual legal situation been such as the court decreed it to be. The ruling, standing unreversed, would protect defendant from a second prosecution for murder, but it would leave untouched all questions as to defendant’s liability under charges for crimes other than murder, and all questions as to the time and method of the presentation of such charges. These matters would have to be tested as they arose, by the application to them of legal rules and the jurisprudence of the State.
■ So tested defendant’s contention that he is as entitled under the circumstances of this case to be brought to trial only upon a new indictment or an information specifically charging him with manslaughter finds no support. The indictment did not fall as the result of the court’s decree — the charge against appellant under the existing indictment was simply reduced to manslaughter. (State vs. Evans, 40 An. 218.) The situation is precisely the same to-day as if the District Attorney of his own accord without any plea filed by the accused had announced to the jury that defendant though charged with murder could no longer be legally tried for murder, that he would be tried by them under the original indictment, but simply upon a charge of manslaughter. Had matters taken that shape and form the accused under the jurisprudence of the State could have found no legal ground for complaint.
The court has decreed in this ease that defendant is protected by the verdict of the jury though set aside by the court from any further prosecution for murder. The State has acquiesced in that decree. It is not before us for review. We have to accept it as the law of the case. It is clear besides that neither defendant’s plea ■ nor the court’s action on it were intended to go further than to protect defendant from further prosecution for murder. The qualified language both of the plea and of the ruling upon it show that the former *1522 was not aimed at and did not result in throwing the whole indictment out of court. It could not be claimed under that language that it was either urged before the court or admitted by it that by reason of jeopardy incurred through the first trial defendant was protected against a charge of rpanslaughter. Appellant, as we understand, advances no pretension of that character.
The judgment, in our opinion, is correct, and it is hereby affirmed.