STATE v. WILL CORPENING.

(Filed 20 December, 1911.)

1. Seduction—Letters—Written Admissions — Detached Portions—Severable Matters—Evidence.

In an action for seduction under promise of marriage, portions of letters written by defendant which contain severable and distinct declarations or admissions tending to establish his guilt are admissible in evidence, and afford the best evidence of their contents. Admissions of this character are not ordinarily considered to be within the best evidence rule.

2. Written Admissions—Detached Portions—Severable Matters—Rebuttal—Practice.

When an admission appearing in a writing is put in evidence, the whole instrument, or so much of it as relates to the matter embraced in the admission, must be received, subject to the qualification that a party may always offer a distinct and severable portion of a writing containing declarations or admissions of his adversary, which tends to establish his position, leaving to that other the right to put such remaining portions in evidence as may serve to explain or qualify the admission.

3. **Attorney and Client—Jury—Argument—Law and Fact—Decisions —Application of Law—Improper Remarks—Appeal and Error.**

Under our statute, attorneys are allowed to argue the whole case to the jury, both as to the law and facts, and they are permitted to state the facts of a decision relied on only to the extent of applying the law of such case to the one being tried; hence, upon a trial for seduction under breach of promise of marriage, it is reversible error for the solicitor to be permitted to read the facts stated in an opinion of the Supreme Court relating to a trial for seduction and say, over objection of the defendant, that the jury had convicted the defendant in that case under weaker evidence than in the case at bar.

APPEAL from *Webb, J.,* at August Term, 1911, of MACON.

Indictment for seduction. There was verdict, "Guilty." Judgment, and defendant excepted and appealed, assigning for error the fact appearing of record, that with other letters, complete in form and tending to establish guilt, the court, over defendant's objection, admitted a portion of a letter containing relevant admissions of defendant, the remaining portions of the letter having been lost or destroyed. That the plaintiff's attorney, over defendant's objections, was allowed to make improper user of the facts of another case in his argument to the jury.

*Attorney-General T. W. Bickett and Assistant Attorney-General George L. Jones and Robertson & Benbow for the State.*
*Johnston & Horn and J. Frank Ray for defendant.*

HOKE, J. The portion of the letter admitted in evidence contained severable and distinct declarations or admissions tending to establish guilt on the part of the defendant, and in our opinion the same were properly received in evidence.

The portion of the letter which remained afforded the best evidence of the admissions contained in it, and, apart from this, admissions of this character are not ordinarily considered to be within the best evidence rule. McKelvey on Evidence, p. 94.

It is sometimes said that when an admission appears in a writing, the whole instrument, or so much of it as relates to the matter embraced in the admissions, must be read; but this must be taken with some qualifications, and a party may always offer a distinct and severable portion of a writing containing declara-

tions or admissions of his adversary which tend to establish his position, leaving to that other the right to put such remaining portions in evidence which may serve to explain or qualify the admission. 1 Ency. of Evidence, p. 385, p. 609, and Note 50, p. 610; *Rowe v. Whited,* 25 N. Y., 170; *Cramer v. Gregg,* 40 Ill. Ap., 442; *Jones v. Fort,* 36 Ala., 449; 1 Elliott on Evidence, sec. 241, p. 349.

In this last citation it is said: "Every admission is to be taken as an entirety of the fact which makes for the one side, with the qualifications which limit, modify, or destroy its effect on the other side. Thus, as is already shown, where part of a statement or document is introduced as an admission by and against a party, or even part of a conversation or correspondence is so used, he is entitled to introduce such other part thereof, if any, as modifies or explains the alleged admission. Indeed, there is some authority to the effect that the party offering the evidence as an admission must put in the entire conversation or document; but the better rule is that, while he may do so, it is generally sufficient for him to introduce such part as he · desires to use, at least where it appears complete in itself and nothing more appears to be necessary in order to understand it."

We think, however, there must be a new trial of this cause by reason of improper user of the facts in another prosecution for like offense which had taken place in an adjoining county the preceding year. *S. v. Malonee,* 154 N. C., 200.

As we understand the record, the counsel for the prosecution read the facts in *Malonee's case,* relied upon as supporting evidence to the prosecutrix, and over defendant's objection was allowed by the court to say in effect that a jury of Jackson County had convicted Malonee, and the supporting evidence was much stronger "than in *Malonee's case,*" etc., etc.

True, we have held that under our statute, attorneys are allowed to argue the whole case to the jury, both as to the law and the facts, and they are permitted to state the facts of the decision relied upon to the extent of applying the law of such case to the one being tried. *Harrington v. Wadesboró,* 153 N. C., 439. It is also true that on perusal of the entire statement the solicitor for the State, capable and conscientious as

he is, was evidently using the facts of the *Malonee case* to sustain his position that there was evidence as required by the statute in support of the testimony of the prosecutrix, but we are of opinion, as stated, that in the faithful effort to discharge his duty he exceeded the rule which should prevail in such cases by using the facts in *Malonee's case* and the action of another jury upon them in aid of the prosecution here.

For the error in allowing the argument to proceed, the cause must be submitted to another jury, and it is so ordered.

New trial.