D. S. CHADWICK, JR., V. O. A. KIRKMAN, GEORGE T. PENNY, J. R. THOMAS, CAROLINA LOAN AND REALTY COMPANY AND THE HOME BANKING COMPANY.

(Filed 22 May, 1912.)

1. Pleadings—Amendments—Trial Term—Court's Decision.

It is within the discretion of the trial judge, if exercised without abuse, to permit amendments to pleadings, in this case allowing a reply to be filed to defendant's counterclaim at the trial term and ordering a trial on the issues thus raised, it appearing that the counterclaim was only an incident to the facts raised by the issues, of which the defendant was apprised by the pleadings already filed.

2. Attorney and Client—Trial—Argument Upon Facts and Law—Harmless Error.

While in this case a ruling of the lower court would have been upheld, denying the right of plaintiff's attorney to read the facts of a decision to the jury in applying the principles of law therein laid down, for the reason that the case argued to the jury was an action against the defendant in the case at bar, involving similar questions of fraud, it is *Held* that, upon the record, the decision of the lower court in permitting it will not be disturbed.

3. Bills and Notes—Indorsee—Fraud—Burden of Proof—Immaterial Findings—Verdict—Power of Court.

In an action attacking the validity of a note for fraud in the procurement by the payee and its indorsee, alleged by the plaintiff to be a holder with notice, the burden is on the holder to show that he was purchaser for value before maturity and without knowledge or notice of the impeaching facts, shown to have existed, and *Held*, in this case, that it was not error for the trial judge to set aside or disregard a finding of the jury upon that issue, there being no evidence tending to show that the holder was an indorsee of that character, the allegation being simply that he had "taken over" the note.

**4. Deeds and Conveyances—Fraud—Evidence Rendered Competent —Testimony, How Construed.**

In regard to a sale of lands alleged by plaintiff to have been procured by fraud, a witness was permitted, over defendant's objection, to testify that on a certain occasion "he found there was a crooked sale on hand," referring to the transaction complained of, and concerning which he had already testified fully and directly as to the entire facts, tending to establish deliberate fraud on the part of defendant: *Held,* no reversible error.

APPEAL from *Foushee, J.,* at February Term, 1912, of Mc-DOWELL.

Civil action to recover damages for fraud and deceit in the sale of realty.

There was allegation, with evidence on part of plaintiff tending to show that in March, 1910, and at various times thereafter and before action commenced, the defendants, G. T. Penny, J. R. Thomas, and Carolina Loan and Realty Company, by fraud and deceit induced plaintiff to buy one-half interest in a body of land in McDowell County, composed of several tracts, and to pay therefor $2,500 in money and to execute his note for $2,500 additional, secured by a mortgage on the property. That the land was comparatively worthless and defendants without title to the most of it, and the damages suffered was practically the entire purchase price paid and agreed upon. For a second cause of action, plaintiff sued for a breach of warranty in the conveyance from defendant to plaintiff for the land in question.

Defendant, the Home Banking Company, an institution in which defendant Penny was a director at the time, answered, denying any participation in the alleged fraud, and alleged that it was *bona fide* owner and holder of the unpaid $2,500 note, having "taken over" same in due course of business. The other defendants answered fully, denying any and all allegation of fraud made against them, and set up a counterclaim in which they alleged that in the course of the transaction, plaintiff having received title for entire tract and made these defendants a warranty deed for one-half interest in same, had placed a mortgage on the entire land before defendants had registered their

deed, and that this was done by plaintiff with design and intent to cheat and defraud defendants, etc., and offered evidence in support of some of these positions.

At the trial term and over defendant's objection, plaintiff was allowed to file a reply denying this charge of fraud, and defendants excepted and objected, and excepted further that they were compelled to try at said term on issues raised by this reply. The following verdict was rendered:

1. Did the defendants George T. Penny and J. R. Thomas procure the plaintiff to execute his note for $2,500 and pay $2,500 (in a check which was cashed) for the deed from O. Arthur Kirkman by fraud and misrepresentation, as alleged in the complaint? Answer: Yes.

2. If so, was the Carolina Loan and Realty Company a party to the fraudulent conduct entered into by the defendants George T. Penny and J. R. Thomas, by which $2,500 and the note for $2,500 was obtained from plaintiff, as alleged in the complaint? Answer: Yes.

3. Did the Home Banking Company participate in or have knowledge of any fraud by which a note for $2,500 was secured by plaintiff, as alleged in the complaint? Answer: No.

4. What amount of damage, if any, is the plaintiff entitled to recover from George T. Penny, J. R. Thomas, and the Carolina Loan and Realty Company? Answer: $2,500, with interest from 28 March, 1910, plus $10, without interest.

5. Did the defendant O. A. Kirkman have title to the 640-acre tract of land described in the deed from Kirkman to plaintiff at the time said deed was made, or did he afterwards acquire the same? Answer: No.

6. What amount of damages, if any, has the plaintiff sustained by reason of the failure of the title to the land described in the deed from O. A. Kirkman to plaintiffs? Answer: Nothing.

7. Did plaintiff execute a mortgage on the lands described in the deed from Kirkman to plaintiff to L. W. Davis for $2,500 after he had executed a deed to one-half interest in said lands to Penny and Thomas? Answer: Yes.

8. What damage, if any, have the defendants Penny and Thomas sustained thereby? Answer: None.

On the rendition of the verdict, the court being of opinion that there was no evidence from either party tending to show that the Home Banking Company was a holder of the note, in due course, set aside the verdict on the third issue and gave judgment on the verdict for plaintiff, the material parts of which are as follows: "It is therefore adjudged that the verdict as to the third issue be set aside, and that the plaintiff have and recover of defendants George T. Penny, J. R. Thomas, and the Carolina Loan and Realty Company the sum of $2,500, with interest from 28 March, and a further sum of $10, with interest on the $10 from the date of this judgment, and the cost of this action. It is further adjudged that the said Home Banking Company is not the *bona fide* holder of the said note given by the plaintiff, referred to in the pleadings, and can recover nothing from the plaintiff on account thereof. And it is further adjudged that the said note be delivered up for cancellation."

Defendants having duly excepted, appealed.

*Justice & Broadhurst and Pless & Winborne for plaintiff.*
*J. F. Spainhour, W. T. Morgan, and E. D. Steele for defendant.*

HOKE, J., after stating the case: There was ample evidence to support the verdict, and on careful perusal of the record we find no good reason for disturbing the results of the trial. It was urged for error that the court below permitted the filing of a reply to defendants' counterclaim at the trial term and in ordering a trial on the issues thereby raised. This is a matter that is left largely in the discretion of the trial court, and while such court should be always careful to see that a party is not taken by surprise and unduly prejudiced by being presently forced into the trial of issues which he had no reason to expect or prepare for, there is nothing in this case to show that the discretion vested in his Honor was improperly exercised. The counterclaim of defendant was only one incident in this matter. The cause of action set up by plaintiff embraced the entire

transaction and fully apprised defendant of all the facts relevant to the inquiry, and they were evidently not taken by surprise. As a matter of fact, there was no testimony offered tending to support a charge of fraud against plaintiff, and the counterclaim referred to and made the basis of this exception seems to have been inserted more with a view of "talking back" in the record than with any well-grounded hope of benefit to be derived from it.

It was insisted further, that in the argument of plaintiff's counsel to the jury improper use was made of the case of *Britt v. Penny,* reported in 157 N. C., 110, a case involving an issue of fraud and in which the same defendant, George T. Penny, appears to have been an actor.

It is recognized with us—a rule established by express statutory provision—that an attorney may argue the whole case to the jury, both of fact and law, and in the exercise of this privilege counsel have been allowed to state the "facts of another case for the purpose of applying the law of that case to the one in hand," and only to the extent required for such purpose. *S. v. Corpening,* 157 N. C., 623; *Harrington v. Wadesboro,* 153 N. C., 437; *Horah v. Knox,* 87 N. C., 483.

It is unfortunate for defendant that he has figured in another cause involving an issue of fraud, and on facts not dissimilar to the one at bar, and the propriety of using such a case is at least questionable. We deem it right to say further, that if his Honor in this instance had denied the right to counsel, his ruling would have been upheld; but as a matter of law the argument was kept well within the principles of the cases referred to and others of like kind, and we have concluded that on this record the question could very properly be left to the decision of the just and learned judge who presided at the trial.

The action of the court in setting aside the verdict on the third issue, or in disregarding it, as immaterial, was entirely proper and worked no legal wrong to defendants. *Sprinkle v. Wellborn,* 140 N. C., 163.

The fraud having been established, in order to maintain the position of holder in due course of the $2,500 note, the burden was on the defendant to prove that it was indorsee for value

before maturity and without knowledge or notice of the impeaching facts. *Manufacturing Co. v. Summers,* 143 N. C., 103. There was not only an entire absence of evidence to support the position, but it was not even alleged in the answer that defendant company was indorsee of the notes, the allegation being simply that the company had "taken over" the note. The facts, therefore, embodied in the third issue were irrelevant and immaterial and could well have been disregarded by the court in its judgment. *Mayers v. McKimmon,* 140 N. C., 640; *Tyson v. Joyner,* 139 N. C., 69.

The objection that plaintiff in his testimony was allowed to say, in reference to a foreclosure sale under the mortgage given by him to the railway company, that "on coming to Marion on one occasion he found there was a crooked sale on hand," may not be sustained. The witness had testified fully and directly to the entire facts of the transaction, tending, if accepted by the jury, to establish a deliberate fraud on the part of defendants, and this expression of opinion, while not in strictness permissible, was too remote and insignificant to be allowed for reversible error.

On examination of entire record, we are of opinion that the case has been tried on correct legal principles, that an actionable wrong has been clearly established, and the judgment on the verdict in plaintiff's favor should be affirmed.

No error.