STATE OF IOWA, Appellee, v. J. T. McCASKILL, Appellant.

CRIMINAL LAW: Trial—Conduct of Counsel—Improper Argument.
1  It is reversible error for the county attorney, on the trial of an indictment for murder, to state to the jury that, on a former trial on the indictment, the defendant was convicted of manslaughter. Such statement is in clear violation of the statute, and prejudice is conclusively presumed. (Sec. 5423, Code, 1897.)

CRIMINAL LAW: Trial—"Argument"—Opening Statement as
2  Constituting. An "opening" statement to the jury is an *argument* within the meaning of Sec. 5423, Code, 1897, prohibiting any reference to a former verdict on the retrial of a criminal charge, "either in the evidence or in argument".

*Appeal from Black Hawk District Court.*—CHARLES W. MULLAN, Judge.

WEDNESDAY, JANUARY 19, 1916.

The defendant was convicted of manslaughter, and appeals.—*Reversed.*

*Edwards, Longley, Ransier & Smith,* for appellant.

*George Cosson,* Attorney General, *W. P. Hoxie,* County Attorney, *E. H. McCoy,* Assistant County Attorney, for appellee.

LADD, J.—Though indicted for murder in the first degree, the defendant, on a former trial, was convicted of manslaughter only. 160 Iowa 554. The facts are sufficiently stated in that opinion for the purposes of this case. Appellant again

challenges the sufficiency of the evidence; but, as the cause must be reversed, owing to misconduct of the county attorney, we are not inclined to comment upon the evidence further than to say that the cause is close on the facts, and some members of the court would have been quite as well satisfied had a different conclusion been reached by the jury.

The county attorney, after reading the indictment, informed the jury that the plea was "Not guilty"; and that, on the former trial of the case, "the defendant was acquitted of the charge of murder in the first and second degree, but found guilty of the crime of manslaughter". To this the defendant took exception, as improper and misconduct of counsel. The court held that it was "not a proper statement", and directed the jury to "disregard the statement made by counsel". Counsel for the state said: "I desire to state it was simply in pursuance of the plea they have entered, whatever it was, constituted an acquittal of murder in the first and second degree, explanatory of the reason why the charge is now manslaughter."

1. CRIMINAL LAW: trial: conduct of counsel: improper argument.

The defendant excepted to the statement, and the court held it "a proper statement for counsel to make", thereby changing his previous ruling and, in effect, withdrawing the admonition, and instructed counsel for the state to "avoid anything except what you expect the evidence in this case shows". In this manner, counsel for the state got the thought before the jury that a verdict of guilty of the particular charge of manslaughter for which he was then on trial had previously been returned by a jury of his peers. This was in plain violation of Section 5423 of the Code, directing that "new trial places the parties in the same position as if no trial had been had; all the testimony must be produced anew, and the former verdict cannot be used or referred to, either in the evidence or in argument". The defendant was accused in the indictment of murder in the first degree and had been convicted, as stated by counsel, and the conviction reversed by

this court. But the mere fact that the record was correctly represented furnished no excuse for defying the express mandate of the statute. Its provisions are mandatory on court and prosecutor, and observance thereof may be insisted upon by the accused. Having been enjoined by the legislature, prejudice is conclusively presumed from their violation. Independent of statutory regulation, some courts have regarded such reference to the verdict returned on former trial proper and without prejudice; and others have denounced the same as reversible error. See *State v. Smith*, 49 La. Ann. 1515; *People v. Fielding*, 158 N. Y. 542 (46 L. R. A. 641); *State v. Corpening*, 157 N. C. 621 (38 L. R. A. [N. S.], 1130, and cases collected in note.) The record, as seen, is not open to the inquiry as to whether prejudice has resulted. Counsel might properly enough have said to the jury that, notwithstanding the charge of murder in the first degree to be found in the indictment, the defendant was on trial for manslaughter only (*State v. Walker*, 133 Iowa 489). It was unnecessary to go further, and explain the record. Reference by the prosecuting attorney to a conviction on a former trial was held to be reversible error in *State v. Clouser*, 72 Iowa 302; and in *State v. Matheson*, 142 Iowa 414, counsel was admonished not to repeat such reference on another trial. Nor can we well avoid the objection interposed by saying that the reference was made in the opening statement, as distinguished from the argument of counsel at the close of the evidence. The manifest purpose of the statute is to prevent the use by the state of the former verdict as a make-weight in persuading the second jury to convict; and if the prosecutor, either intentionally or inadvertently, thrusts it upon the attention of jurors in addressing them in opening the case, the mischief sought to be guarded against has been effectually done, and the plain spirit of the statute has been violated.

Moreover, the suggestion to distinguish "opening statement" and "argument" comes near hair splitting. The open-

ing statement, as ordinarily made, is strictly within the defini-
tions of argument, and thought by lawyers of
experience, when skillfully made, to be the

2. CRIMINAL LAW:
trial: "argu-
ment": opening
statement as
constituting.

most potential argument in the case. To
argue is "to offer reason to support or over-
throw a proposition", according to Webster's
International Dictionary, which defines "argument" as "a
reason or reasons offered in proof to induce belief to convince
the mind or persuade to action". Bouvier defines argument
as "an address to a jury or court". The primary meaning of
the word is given by the Century Dictionary as "A statement
or fact tending to produce belief concerning a matter in doubt;
a premise or premises set forth in order to prove an assump-
tion or conclusion; . . . an address made for the purpose
of producing belief by reasoning or persuasion." In *Rahles
v. J. Thompson & Sons Mfg. Co.*, 137 Wis. 506 (23 L. R. A.
[N. S.] 296), Timlin J., says that "argument is a connected
discourse based upon reason; a course of reasoning tending
and intended to establish a position and to induce belief."
The particular function of opening statements is defined by
Section 3700 of the Code:

"1. The party on whom rests the burden of proof may
briefly state his claim and the evidence by which he expects
to sustain it.

"2. The other party may then briefly state his defense
and the evidence by which he expects to sustain it."

This is a distinctive portion of proceedings by which each
party undertakes to persuade or convince the jury. The ques-
tions in issue are stated by the respective attorneys, who then
proceed to advise the jury what the evidence will be and its
bearing on the issues,—that is, the reasons for their respective
contentions,—and in this way make hypothetical arguments
to the jury. They are none the less arguments because depend-
ing upon the proof of the facts claimed and yet to be adduced.
The abler the lawyer, the more logically—not to say adroitly—
he marshalls his alleged facts, weaving circumstance with cir-

cumstance and dovetailing fact with fact into an apparently impregnable case. Indeed, it is not too much to say that a case well stated to the jury is half argued. It is usually framed to convince, or at least to incline, the minds of the jury, and final argument in these circumstances is but the continuation and summing up of the process of reasoning and inference which was begun in the opening address to the jury. To say that the ''opening statement'' is not an ''argument'', within the meaning of this statute, would be drawing entirely too nice a distinction for practical purposes, and ignoring the real object sought in obviating all influence of a former finding by the jury sitting in final judgment.

Because of the misconduct of counsel, the cause must be reversed. Other rulings criticized are not likely on another trial.—*Reversed.*

All the justices concur.