11860

STATE v. McALISTER *ET AL.*

(130 S. E., 511)

1. CRIMINAL LAW—QUESTION WHETHER ALLEGED CONFESSION WAS VOLUNTARY OR INVOLUNTARY WAS FOR DETERMINATION OF TRIAL JUDGE IN FIRST INSTANCE, AND ULTIMATELY FOR JURY AS FINAL ARBITERS OF FACTS.—Where accused testified that confession was obtained by physical violence, and magistrate before whom·confession was made testified that it was freely and voluntarily made, question whether the alleged confession was voluntary or involuntary was for determination of trial judge in first instance, and ultimately for jury as final arbiters of facts.

2. CRIMINAL LAW—TESTIMONY RELATIVE TO ALLEGED CONFESSION HELD PROPERLY ADMITTED.—Where there was conflicting testimony as to whether alleged confession was voluntary or involuntary, confession was properly admitted, especially so in view of instructions safeguarding interest of accused, relative to disregarding testimony if jury thought it was not free and voluntary.

3. CRIMINAL LAW—OVERRULED OBJECTION TO ARGUMENT OF STATE'S ATTORNEY POINTING OUT FACTS OF ANOTHER CASE HELD NOT SUCH ABUSE OF DISCRETION AS TO WARRANT REVERSAL.—Where defendants introduced evidence of good reputation overruling of objection to reference in argument of state's attorney to case which was current event of public notoriety in which two boys had enjoyed excellent reputations, but were convicted of one of the most horrible crimes ever recorded, *held* not such a manifest abuse of discretion as would warrant reversal.

Before SHIPP, J., Florence, Summer Term, 1924. ·Affirmed.

Fred McAlister and Willie Nettles were convicted of highway robbery and they appeal.

*Mr. A. L. King,* for appellants, cites: *Confession not voluntary:* 127 S. C., 115; 115 S. C., 511; 99 S. C., 504. *Improper argument prejudicial:* 26 S. C., 118.

November 17, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendants, McAlister and Nettles, two negro youths, were convicted of highway robbery, and sentenced by the

presiding Judge, Hon. S. W. G. Shipp, to five years' imprisonment. This appeal is prosecuted by the defendant Nettles.

On the evening of June 5, 1924, a white youth, 15 years old, was held up on one of the highways of Florence County, and, after being bound and gagged, was robbed of the sum of $10. On the same night the defendant McAlister and Nettles were arrested and confined in the "guardhouse" of Timmonsville. The next day they were taken before James S. Anderson, a Magistrate of the County. The defendants adduced evidence tending to establish that, after having been brought before the Magistrate twice on this day and questioned at length, they were "turned over to one Mr. Hammond, the regular constable of the said Magistrate, and a Mr. Cole, then a candidate for sheriff of Florence County"; that the defendant Nettles was thereupon "taken into a back room of a building in which the Magistrate's office is located, and there, behind closed doors, was subjected to physical violence," and threatened with death unless he admitted his guilt; and that thereafter he was again "taken before the Magistrate and made statements of an incriminating nature."

The appellants' first contention (Exceptions 1, 2 and 1, 2 3) is that the testimony of the Magistrate Anderson as to the incriminating statements, or confession, of Nettles was improperly admitted. The Magistrate testified directly to the point that no inducements were held out, no threats made, and no reward offered, and that the alleged confession was free and voluntary. Counsel argues, however that, since his client's testimony as to the coercion which was applied to him by Hammond, out of the immediate presence of the Magistrate, was not controverted by Hammond, who was present at the trial and did not go on the stand, the only reasonable inference of fact from all the evidence is that the confession to which the Magistrate testified was obtained by intimidation and was involuntary.

That contention cannot be sustained. Under the well-settled rule in this State, whether the alleged confession was voluntary or involuntary was for the determination of the trial Judge in the first instance; ultimately it was for the jury as the final arbiters of the facts. *State v. Rogers,* 99 S. C., 504; 83 S. E., 971. *State v. Lyles,* 125 S. C., 406; 118 S. E., 803, 812. *State v. Danelly,* 116 S. C., 113; 107 S. E., 149; 14 A. L. R., 1420. In passing on the preliminary question of admissibility, the trial Judge was not bound to accept as true the defendant's testimony as to intimidation, even if such testimony were not directly controverted by the testimony of other witnesses. But in this case the testimony of the Magistrate clearly tended to controvert the defendant's contention of fact that the incriminating statements in question were procured by duress. There was thus a conflict of testimony, and in no view can it be held as a matter of law that the only inference to be drawn from the evidence is that the alleged confession was involuntary. In that situation the testimony was properly admitted; a view strongly reinforced by the consideration that the rights of the defendant were soundly safeguarded by the Court's very clear instruction to the jury as follows:

"The question is whether the statement was made freely and voluntarily, and, unless it was free and voluntary, you ought to disregard it and pay no attention to it. It is for you to say if either made a confession, and, if so, whether it was made under duress and in fear; if it was, disregard it; otherwise, if it was made freely and voluntarily, you give it such weight as it has on your mind."

The appellant's second contention (Exception 4) is that the trial Court improperly permitted counsel for the State, over objection of defendant's counsel, to make extended reference to the notorious *"Franks Case"* in his argument to the jury. The Court's ruling upon the objection was that, "as he understood it, counsel was simply

using that case by way of illustration," and that it was not an argument that called for restriction by the Court. In the case of *State v. Robertson,* 26 S. C., 118; 1 S. E., 443, this Court said:

"It is most certainly proper, especially in criminal cases, that counsel, in addressing a jury, should keep themselves strictly within the record. This rule is essential, and must be enforced; but from the very nature of the case some latitude in argument must necessarily be allowed. It is often matter of difficulty to draw the line sharply between legitimate argument and unauthorized statement—between what is and what is not allowable—and as this pertains to the conduct of the cause, it must, to a large extent, be left to the wise discretion of the Circuit Judge."

The argument by illustration or analogy, involving reference to matters of common knowledge, the facts of history, and current events of common and public notoriety, is ordinarily well within the bounds of legitimate forensic effort at the bar. 16 C. J., 899, § 2245. *State v. Turner,* 36 S. C., 534; 15 S. E., 602. But it is improper for counsel, especially in a closing argument for the State, to refer to and comment on the facts of other cases, whether reported in the law reports or in the public prints, for the purpose of making and enforcing the contention that, because a certain result was reached in the reported case, the same result should be reached in the case at bar. As said by the author of the monographic note (38 L. R. A. [N. S.],1130) :

"Under the general rule that a prosecuting attorney may not refer, in his argument to the jury, to matters outside of the issues of the case, and which would not be relevant if offered in evidence, excepting matters of common and general knowledge (12 Cyc., 575), a prosecuting attorney has no right to refer to the result in another case in support of the case against the defendant on trial." *State v. Corpening,* 157 N. C., 621; 73 S. E., 214; 38 L. R. A. (N. S.),

113. *Cross v. State,* 68 Ala., 476. *Rodriquez v. State,* 58 Tex. Cr. R., 275; 125 S. W., 403.

In the case at bar the two defendants introduced evidence to establish their good reputations for peace, good order, and honesty. It is stated in the record that state's counsel was permitted to go "into considerable detail as to the alleged facts of the *Franks Case,* pointing out that in that case those two boys 'also enjoyed excellent reputations in the community in which they were living for peace, good order, and honesty, but that did not prevent them from committing one of the most horrible crimes ever recorded.' " We think the argument was one of questionable propriety; but, in the view that it was intended merely as a reference to and comment upon a current event of common and public notoriety for the purpose of illustrating the contention that good reputation does not always insure good character and orderly conduct we cannot say that the Court's ruling amounted to such a manifest abuse of discretion, prejudicial to the accused, as would warrant a reversal of the judgment.

The exceptions are overruled and the judgment affirmed.

MESSRS. JUSTICES WATTS and COTHRAN and MR. ACT-ING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.