STATE OF IOWA, Appellee, v. E. W. VOELPEL, Appellant.

No. 40525.

DECEMBER 16, 1931.

Davis,. McLaughlin & Hise, John E. Purcell, and Wolfe, Wolfe & Claussen, for appellant.

John Fletcher, Attorney-general, M. L. Sutton, and E. O. Work, for appellee.

WAGNER, J.—This is the second appeal from a conviction of the defendant for the crime of manslaughter. For opinion on the first appeal, see State v. Voelpel, 208 Iowa 1049.

On December 6, 1927, the appellant was driving a Lincoln sedan automobile in an easterly direction upon a paved highway in Clinton County. Traveling in the same direction, ahead of the defendant, was a Studebaker coupe, driven by Walter E. Daniels, accompanied by his wife, Ella P. Daniels. The front end of the Lincoln collided with the rear end of the Studebaker, and as a result thereof, the Studebaker was thrown into the ditch, and Mrs. Daniels received injuries from which she died.

The indictment charges the defendant with driving his automobile in a grossly negligent manner, in reckless disregard of the rights and safety of others, in that he was driving his car at a rate of speed in excess of forty miles per hour, and while intoxicated, and failed to turn to the left in passing the Daniels car.

As a result of the trial, the defendant was found guilty of the crime of manslaughter, and judgment entered committing him to the penitentiary at Fort Madison for an indeterminate sentence of not more than eight years, and that, in addition thereto, he pay a fine of five hundred dollars. From this judgment, the defendant has appealed.

In one of the assignments of error, the appellant contends that the county attorney, in his closing argument to the jury, was guilty of prejudicial misconduct. The argument was not taken by the court reporter, and the objectionable portions thereof are made a part of the record by a bill of exceptions signed by the court and filed with the clerk. The alleged improper argument therein referred to was made a part of the appellant's motion for a new trial in the court below, which was overruled. The State contends that this proposition cannot be raised by a bill of exceptions. This contention is without merit. Section 13933, Code, 1927, provides:

"The office of a bill of exceptions is to make the proceedings or evidence appear of record which would not otherwise so appear."

Section 13937, Code, 1927, provides:

"Either party may take an exception to any decision or action of the court, in any stage of the proceedings, not required to be and not entered in the record book, and reduce the same to writing, and tender the same to the judge, who shall sign it

if true, and if signed it shall be filed with the clerk and become a part of the record of the cause."

It will be noted from the first section above quoted that the office of a bill of exceptions is to make of record any proceedings or evidence which would not otherwise so appear. No doubt the better way is to have the argument taken by the court reporter, certified and transcribed, and thus made a part of the record; but the foregoing statutes provide the way for making of record the argument when the better and preferable course has not been pursued. In Rayburn v. The Central Iowa Railway Company, 74 Iowa 637, we said:

"We conclude that matters of this kind (claimed improper argument) ought not to be made of record, and brought here, except upon bills of exceptions."

In State v. Helm, 97 Iowa 378, at 387, this court made the following pronouncement:

"They (improper remarks of counsel in argument) cannot be made of record by affidavits, but must be shown by bill of exceptions."

In State v. Kilduff, 160 Iowa 388 at 393 we said:

"The first assignment of error is that the county attorney was guilty of misconduct in his closing address to the jury; and the second error is that the court erred in not sustaining defendant's motion for a new trial on that ground. These questions we cannot consider for the reason that they are not properly presented to this court, on bill of exceptions, as required by section 5418 of the Code of 1897 (Now Section 13937, Code, 1927)."

One of the remarks made by the county attorney in his closing argument as certified by the trial court in the bill of exceptions is:

"That the conviction had in the first trial of the case had been set aside by the Supreme Court upon the technicalities which were used by criminals in the great cities, to evade justice; that a 'hung' jury had resulted in the second trial, as a result of the jury being befuddled by the defendant's attorneys, and

that the defendant's attorneys were seeking to secure an acquittal in the case on trial by resorting to such technicalities and by parading before the jury the elements of the case which were merely chaff.''

It will thus be observed that the county attorney referred in his argument to the former conviction or *verdict*. Section 13945, Code, 1927, provides:

''The granting of a new trial places the parties in the same position as if no trial had been had; all the testimony must be produced anew and the *former verdict can not be used or referred to either in the evidence or in argument.*'' (Writer's italics.)

In State v. Clouser, 72 Iowa 302, we reversed because the attorney for the State referred to the former verdict of guilty, saying:

''The courts are often subjected to criticism for disturbing verdicts in criminal causes upon what are denominated technical grounds; but the legislature has been careful to prescribe the rules which must govern the trial of such causes, and it is the province and duty of the courts to administer the law as it is written. If one express provision of the statute may be disregarded in a particular case, others may be violated in other cases; and there would not only be uncertainty in the administration of the law, but all rights of persons and property would be put in jeopardy. The rule established by the section quoted above (now section 13945, Code 1927) is absolutely essential to fairness and justice in the retrial of criminal causes; and it would be the law on the question independently of any statutory provision. As we reach the conclusion that the judgment ought to be reversed on this ground, we do not consider the question of the sufficiency of the evidence to sustain the verdict.''

In State v. McCaskill, 173 Iowa, 563, where the county attorney referred to the former conviction in his opening statement to the jury, in reversing the case, among other things, we said:

''But the mere fact that the record was correctly represented furnished no excuse for defying the express mandate of the

statute. Its provisions are mandatory on court and prosecutor, and observance thereof may be insisted upon by the accused. Having been enjoined by the legislature, prejudice is conclusively presumed from their violation. * * * The manifest purpose of the statute is to prevent the use by the state of the former verdict as a make-weight in persuading the second jury to convict; and if the prosecutor, either intentionally or inadvertently, thrusts it upon the attention of the jurors in addressing them in opening the case, the mischief sought to be guarded against has been effectually done, and the plain spirit of the statute has been violated.''

But the State contends that in this case no objection was made to the improper remark. The bill of exceptions shows that during the course of the county attorney's argument, he stated, in substance and effect, that some explanation should perhaps be made as to why this case had been tried so many times. Objection was here made by appellant's counsel, ''for the reason that at no time during the presentation of evidence or in argument for the defendant had it been urged that the defendant was entitled to be acquitted on account of any former proceedings or trials in the case.'' And thereafter, the county attorney made the objectionable remark hereinbefore quoted. It is thus apparent that appellant's counsel forewarned the county attorney by a full and adequate objection; and although it was sustained by the court, he thereafter persisted in making the objectionable remark, which is violative of the aforesaid statute. Moreover, we have held that objections to an argument by opposing counsel need not be specific or persistent when the argument in question is flagrantly improper. See State v. McIntyre, 203 Iowa 451; State v. Peirce, 178 Iowa 417; State v. Boyd, 195 Iowa 1091. Certainly, when the attorney for the State violates the mandates of a legislative enactment made for the protection of the defendant, this sort of argument is flagrantly improper; and, as stated in State v. McCaskill, 173 Iowa 563, when the attention of the jurors is called to it, ''the mischief sought to be guarded against has been effectually done, and the plain spirit of the statute has been violated.''

The State has incorporated an additional bill of exceptions, signed by the trial court, yet it does not appear therefrom that the foregoing objectionable remark could have been made by way

of proper response to any argument made by counsel for the defendant. There is no escape from the conclusion that the statutory law was palpably violated, without justification or excuse, and the trial court erred in not granting a new trial because thereof. Other argument on the part of the county attorney, claimed by appellant to constitute misconduct, need not be specially mentioned, except to add that some of it approaches very closely to, if not beyond, the dividing line between proper and improper argument.

 One of the elements upon which the State relied for conviction was the claimed fact that the defendant was intoxicated at the time in question. There accompanied him at that time a Miss Ladehoff, who gave testimony in behalf of the defendant. It was the claim of the State that she was also intoxicated at the time in question. On cross-examination, the following interrogation was had:

"Q. You say that you had not had anything to drink on that day? A. Yes, sir. Q. Isn't it true you were arraigned over in municipal court a day or two later on a charge of intoxication out of the case arising from that accident?"

Over proper objection by defendant's counsel, she was compelled to answer, and answered in the affirmative. The objection should have been sustained. Arraignment consists of reading an information and asking the party charged if she is informed against by her right name. This had no tendency to prove intoxication by the defendant. It is true that competent evidence to prove intoxication of the witness at the time in question would have been admissible as affecting her credibility as a witness, but it is quite clear that the evidence elicited was incompetent for said purpose.

It follows that, for the foregoing reasons, the record discloses prejudicial, reversible error, and the judgment of the trial court must be, and the same is hereby, reversed.—Reversed.

EVANS, ALBERT, MORLING, and GRIMM, JJ., concur.