**STATE of Iowa, Appellee,**

**v.**

**Raymond H. HORSEY, Appellant.**

**No. 53232.**

Supreme Court of Iowa.

Oct. 13, 1970.

**460**

Joseph L. Phelan, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., and James W. Hughes, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

This matter was before us earlier when we dismissed defendant's appeal because notice thereof was not filed as provided in section 793.4, Code of Iowa, 1966. We held this to be jurisdictional under the authority of our prior decisions, including Blanchard v. Bennett, 167 N.W.2d 612.

Subsequently the United States Circuit Court of Appeals for the Eighth Circuit held our denial of Blanchard's appeal under circumstances similar to those existing here deprived him of his constitutional rights under section 1, Amendment 14, to the U. S. Constitution. The three-judge federal court unanimously ordered that Blanchard be permitted to perfect his appeal. See Blanchard v. Brewer, 429 F.2d 89, decided July 21, 1970.

While we are not bound by the decision in Blanchard v. Brewer, supra, we nevertheless feel defendant Horsey should not be required to seek help from the federal courts while we still have it within our power to give him the same relief he would undoubtedly secure there. Defendant has filed a petition for rehearing. We find a formal hearing is not necessary, since the matter was fully presented to us previously by both the state and defendant on written briefs and arguments. We now withdraw our previous opinion in State v. Horsey, 176 N.W.2d 769, and consider the appeal on its merits.

Defendant raises only one issue: that the county attorney was guilty of misconduct constituting reversible error entitling him to a new trial. The alleged misconduct occurred in final argument to the jury and rests on two grounds. First, defendant claims the county attorney improperly assailed defendant's witnesses by stating they were not disinterested because of possible suit against them under the dram shop act; and second, defendant asserts the county attorney improperly argued that the jury "should support its law officers and unless a guilty verdict is returned it will be useless to prosecute cases of this kind."

The arguments were not recorded. No objection was made at the time. The matter was first brought to the attention of the trial court when defendant filed his motion for new trial. The objectionable part of the arguments was made part of the record by bill of exceptions as provided in sections 786.5 and 786.6, Code of Iowa.

We have permitted alleged impropriety in final arguments to be set out in this fashion. State v. Voelpel, 213 Iowa 702, 704, 239 N.W. 677. See also State v. LaMar, 260 Iowa 957, 967, 151 N.W.2d 496, 501. However, as pointed out there, the fact that such matter may become part of the record by way of bill of exceptions does not eliminate the necessity for having made proper objection at the time the error allegedly occurred.

In other words there are two requirements which must be satisfied before we can afford relief on a complaint such as defendant makes here. First, the improper matter must appear of record in some way so that we may review it. Second, objection must have been made in timely and proper fashion.

Defendant has failed to give us a record upon which we can predicate prejudicial error. It is true he has set out the language he finds objectionable, but that is all. We do not have the argument of de-

fense counsel, which becomes of vital importance in view of the trial court's finding that the statements concerning the witnesses' interest were in rebuttal to remarks of defense counsel. Neither can we disregard the fact that there is serious disagreement over the language actually used. The trial court refused to sign the defendant's bill of exceptions. Section 786.5, Code, provides the judge shall sign the bill "if true." Quite obviously court and counsel were at odds over the accuracy of the recitations in the bill. This is, at best, an unsatisfactory record to ask our acceptance of defendant's disputed version of what was argued.

■ Even if we were to do so, however, defendant is not entitled to a new trial. It should be kept in mind the trial court found some of the remarks were made in rebuttal to defendant's argument. We have frequently held this removes the impropriety from statements which would otherwise be objectionable. State v. Sage (Iowa), 162 N.W.2d 502, 503; State v. McPherson (Iowa), 171 N.W.2d 870, 873, 874.

Furthermore we point out again that no objection was made to the argument until a motion for new trial was filed. The complaint came too late. State v. Smith, 248 Iowa 603, 610, 81 N.W.2d 657, 661; State v. Wesson, 260 Iowa 331, 340, 149 N.W.2d 190, 196; State v. Sage (Iowa), 162 N.W. 2d 502, 503.

■ Another obstacle defendant must overcome is the rule that misconduct of counsel is grounds for reversal only if it deprived him of a fair trial. State v. Barton, 258 Iowa 924, 931, 140 N.W.2d 886, 891; State v. Levy (Iowa), 160 N.W.2d 460, 467.

■ In ruling on defendant's motion, the trial court, which is vested with wide discretion in such matters, held no prejudicial argument was made. State v. Latham, 254 Iowa 513, 517, 117 N.W.2d

840, 843; State v. Schmidt, 259 Iowa 972, 981, 145 N.W.2d 631, 636. We find no abuse of discretion in that ruling.

Defendant also objects to that part of the State's argument asking the jury to "support law enforcement officials". Again we are hampered by a totally inadequate record; and again no objection was made until defendant's motion for a new trial. Under these circumstances there is nothing for us to review or rule on.

We agree with the trial court that defendant was not entitled to a new trial and the case is accordingly affirmed.

Affirmed.

All Justices concur.