THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA 
In The Court of Appeals 
 
 
 
 
The State,     Respondent, 
v. 
Terrelle Chandler,  Appellant.
 
 
 

Appeal From Charleston County 
 Roger M. Young, Circuit Court Judge 

Unpublished Opinion No.  2012-UP-313 
Head May 9, 2012 – Filed May 23, 2012 

AFFIRMED

 
 
 
Appellate Defender Tristan M. Shaffer, of Columbia, for Appellant.  
Attorney General Alan Wilson, Chief Deputy Attorney General John 
 W. McIntosh, and Assistant Deputy Attorney General Donald J. Zelenka, all of 
 Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent. 
 
 
 
 
PER CURIAM:  
 Terrelle Chandler appeals his convictions for murder and possession of a 
 firearm during the commission of a violent crime.  He argues the trial court 
 erred in finding his statement to police was voluntary, despite evidence he was 
 told he would be charged with murder if he refused to give a statement.  We 
 affirm pursuant to Rule 220(b), SCACR, and the following authorities:  
State v. 
 Wilson, 345 S.C. 1, 5-6, 
 545 S.E.2d 827, 829 (2001) (recognizing in criminal cases, appellate courts 
 review errors of law only and are bound by factual findings of trial court 
 unless clearly erroneous); State v. Gillian, 373 S.C. 601, 613, 646 
 S.E.2d 872, 878 (2007) (placing admission or exclusion of evidence within trial 
 court's sound discretion and permitting appellate courts to disturb such a 
 ruling only upon a showing of a manifest abuse of discretion accompanied by 
 probable prejudice); State v. Pagan, 369 S.C. 201, 208, 631 S.E.2d 262, 
 265 (2006) ("An abuse of discretion occurs when the conclusions of 
 the trial court either lack evidentiary support or are controlled by an error 
 of law.").  
Berghuis v. 
 Thompkins, 130 S. Ct. 
 2250, 2260 (2010) (requiring State to establish accused's knowing and voluntary 
 waiver of Miranda[1] rights when giving statement for it to be 
 admissible at trial); State v. Kennedy, 333 S.C. 426, 429, 510 S.E.2d 
 714, 715 (1998) (finding implicit waiver sufficient); State v. Hughes, 
 336 S.C. 585, 594, 521 S.E.2d 500, 505 (1999) ("Absent coercive police 
 conduct causally related to a confession, there is no basis for finding a 
 confession constitutionally involuntary."); State v. Moses, 390 
 S.C. 502, 513-14, 702 S.E.2d 395, 401 (Ct. App. 2010) (recognizing free, 
 knowing, and voluntary waiver may not be procured through use of threats, 
 violence, promises, or improper influence, and requiring a court examining such 
 a waiver to determine "whether the defendant's will was overborne by the totality 
 of the circumstances surrounding the confession"); State v. Miller, 
 375 S.C. 370, 387, 652 S.E.2d 444, 453 (Ct. App. 2007) (stating a trial court 
 examining totality of the circumstances surrounding a statement has the 
 opportunity to "listen to the testimony, assess the demeanor and 
 credibility of all witnesses, and weigh the evidence accordingly"); State 
 v. McAlister, 133 S.C. 99, 101, 130 S.E. 511, 512 (1925) (holding trial 
 court "passing on the preliminary question of admissibility . . .  [i]s 
 not bound to accept as true the defendant's testimony as to intimidation, even 
 if such testimony [is] not directly controverted by the testimony of other 
 witnesses").  
AFFIRMED.   
PIEPER and 
 KONDUROS, JJ., and CURETON, A.J., concur.  
 
 
[1] Miranda v. Arizona, 384 U.S. 436 (1966).