State of Iowa, Appellant, v. Ted Evans.

**Appeal:** RESUBMISSON TO GRAND JURY. NOT A FINAL JUDGMENT. An indictment against defendant for committing a liquor nuisance was set aside as defective, and judgment was entered that the cause be resubmitted to the grand jury, that the petit jury impaneled be discharged, and that defendant recover costs, from which judgment the state appealed. *Held*, that under Code, section 5448, providing that appeals can only be taken from final judgment, by the state or by the accused, the appeal should be dismissed, the judgment not being final, as, on a new indictment, there can be a prosecution of the case to final judgment.

**Criminal Law:** RESUBMISSION: *Final adjudication.* It is held *arguendo* that under Code, section 5331, providing that where demurrers to indictment are sustained on other grounds than those which are a legal defense or a bar to the indictment, the court may order the cause resubmitted to a grand jury, and any bail given to remain in force, a judgment, entered on a defective indictment after the taking of testimony begun, that the cause be resubmitted to a grand jury, that the petit jury be discharged, and that defendant recover his costs, not being a final judgment, does not discharge defendant or exonerate his bail.

*Appeal from Mahaska District Court.*—Hon. John T. Scott, Judge.

Friday, April 13, 1900.

The defendant was indicted for causing a nuisance, in that he unlawfully did use "a certain building and restaurant situated in the town of Muchakinock, in said Mahaska county, Iowa, under the control of said Ted Evans, for the purpose of unlawfully selling certain intoxicating liquors, to-wit, rum," etc. The defendant pleaded not guilty, and on the trial the

is one room building. Defendant has another room a few feet away from the saloon, which he uses as a restaurant. The defendant runs and controls both the saloon and the restaurant. I have been in defendant's restaurant on Sunday's." He also answered that he had been in the saloon during the week, and was then asked: "Q. How late at night?" Defendant objected, "as immaterial, because the indictment charges him with keeping a nuisance in the restaurant." The objection was sustained, the court saying: "It now appearing to the court that the indictment in this case is defective, the same is set aside, and the matter ordered resubmitted to the grand jury;" to which the state excepted. The judgment entry recites the appearance of defendant and of counsel, the impaneling of the jury, and commencement of the trial, and proceeds as follows: "And, afterwards, it appearing to the court that the indictment in this cause is defective, it is therefore ordered by this court that the said indictment be, and the same is hereby, set aside, and the cause be resubmitted to the grand jury; and it is further ordered that the petit jury impaneled herein be discharged. To the setting aside of the indictment and discharge of jury the plaintiff at the time excepted. It is therefore ordered and adjudged by the court that the defendant do have and recover of and from the plaintiff the costs herein, taxed at $——." From this judgment the state appeals.—*Dismissed.*

*Milton Remley,* Attorney General and *Geo. W. Lafferty,* County Attorney, for the State.

*Jas. Carroll* and *Ben McCoy* for appellee.

GIVEN, J.—I. This appeal is not, as defendant's counsel seem to regard it, from the order resubmitting the case only, but it is from the judgment as rendered, and it is of that part which set aside the indictment and discharged the

jury that the state complains. Appeals in criminal cases,
whether by the state or the accused, "can only be taken from
the final judgment." Code, section 5448. *State v. Swearen-
gen,* 43 Iowa, 336; *State v. Davis,* 47 Iowa, 634. Is this a
final judgment? Section 5272 of the Code provides that
"the charge" be again submitted, and the defendant con-
tinued, in custody, or on bail, whom the grand jury have
failed to indict on the first submission. Section 5324, in
relation to setting aside indictments, provides: "If the
motion be granted, the court must order the defendant, if in
custody, to be discharged, or, if admitted to bail, that his
bail be exonerated, or, if he has deposited money instead of
bail, that the money deposited be refunded to him, unless the
court direct that the case be re-submitted to the same or an-
other grand jury." Section 5331 of the Code, in relation to
demurrers to indictments, contains the following: "If sus-
tained because the indictment contains matter, which is a
legal defense or bar to the indictment, the judgment shall be
final and the defendant must be discharged; if sustained on
any other ground, the defendant must be discharged and his
bail exonerated, if bail has been given, unless the court is of
opinion, on good cause shown, that the objection can be
remedied or avoided in another indictment, in which case the
court may order the cause to be re-submitted to the same or
another grand jury, and the defendant may be held in
custody, if not at large on bail, in which case the undertak-
ing given shall remain in force." If there had been no order
resubmitting the case, the judgment would have ordered the
discharge of the accused, and exonerated his bail, and this
would have been a final judgment; but, there being. such an
order, the defendant is not discharged, nor his bail exoner-
ated. By the finding of an indictment this case was brought
into existence against the defendant. It is this case that the
statute authorizes, under the conditions named, to be resub-
mitted, and it is this "cause" that was ordered resubmitted.
A reindictment is a substitution of the second charge for the

first, and a grand jury alone can do this. Therefore, we have these provisions for resubmitting "the cause." If the statute of limitations was asserted against the second indictment, the first having been returned within the time required, the state would hardly concede that the judgment setting aside the first indictment, and ordering the case resubmitted, was a final judgment. Concede that the court erred in the judgment it rendered, the state was not materially prejudiced. It might go forward in the prosecution of this case to a final judgment. It surely has little to gain by this appeal; but, be that as it may, we are of the opinion that, a resubmission having been ordered, there has been no final judgment in this case from which either party can appeal. The motion to dismiss the appeal is sustained.—DISMISSED.