STATE OF IOWA v. H. B. SLOAN, Appellant.

**Criminal law:** APPEAL: INTERMEDIATE ORDERS. A motion to dismiss a criminal prosecution because not brought to trial at the next regular term calls for an intermediate order and from an erroneous ruling thereon an appeal will not lie.

**Same:** HABEAS CORPUS. On appeal from an erroneous refusal to dismiss a criminal prosecution the Supreme Court will not exercise its original jurisdiction by *habeas corpus.*

*Appeal from Henry District Court.*— Hon. W. S. WITHROW, Judge.

FRIDAY, OCTOBER 19, 1906.

APPEAL by defendant from the action of the lower court in refusing to sustain his motion to dismiss the prosecution, on the ground that he had not been brought to trial at the next regular term of the court in which the indictment was triable, after the same was found, as required by Code, section 5536.— *Dismissed.*

J. C. Mitchell, Babb & Babb, and B. I. Salinger, for appellant.

Charles W. Mullan, Attorney General, and Lawrence De Graff, Assistant Attorney General, for the State.

McCLAIN, C. J.— During the argument of this case, a doubt was suggested by some members of the court to counsel for appellant as to whether the court has jurisdiction

**1. CRIMINAL LAW: appeal: intermediate orders.** of this appeal in view of the provision of Code, section 5448, which expressly provides that in a criminal case " an appeal can only be taken from the final judgment." No question of this kind having been raised on behalf of the state, additional time was given to counsel for appellant to present authorities, and we now proceed to determine the question. In opposition to the conclusion which seems almost inevitable, in view of the language of the statute that a ruling refusing to dismiss the case and requiring the defendant to submit to further proceedings is not appealable, counsel suggests that a ruling of the court sustaining his motion would have been in effect a final judgment, and that therefore the ruling denying him the right to a dismissal was a final judgment as to that right. This argument is supported by reference to the case of State v. Wright, 111 Iowa, 621, in which it was held that an order denying to defendant the right of having a transcript of the evidence at the expense of the county was an appealable order, although it was not a final judgment; but this conclusion was reached by a majority of the court on the theory that the ruling was the denial of a provisional remedy, and not an intermediate ruling in a criminal prosecution, and that therefore it was governed by the general provision of Code, section 4101, allowing an appeal from an order which refuses a provisional remedy. The dissenting judges insisted that it was an intermediate ruling in a criminal case, and that therefore no appeal there-

from before final judgment could be had. The holding of the majority of the court in that case does not support the contention of counsel in the case before us, for certainly a motion to dismiss the prosecution is a motion which asks an intermediate order. There may be intermediate rulings which finally dispose of a criminal prosecution and result in the discharge of the defendant, so that the state may appeal, as where a demurrer to the indictment is sustained. *State v. Bair,* 92 Iowa, 28. But counsel does not contend that the overruling of a demurrer to the indictment is a final judgment denying defendant a right which entitles him to an appeal before final judgment on the merits, and such contention plainly could not be sustained. So a ruling sustaining a motion in arrest of judgment after verdict is such a final judgment as that the state may appeal therefrom. *State v. Alverson,* 105 Iowa, 152. But if the court overrules a motion in arrest of judgment, plainly the defendant can only appeal from the final judgment when rendered, and not from the ruling on his motion in arrest. Even as to a ruling which terminates the prosecution under the indictment as found, by setting aside the indictment, the state is not entitled to appeal if the court has ordered the case resubmitted to the grand jury. *State v. Evans,* 111 Iowa, 80.

Counsel has something to say as to the denial of the constitutional right to a speedy trial, but we do not understand that the question whether the right denied is consti-2. SAME: habeas corpus. tutional or statutory merely is in any way controlling. The defendant has the constitutional right to be tried only on a good indictment, and yet the overruling of a demurrer to a bad indictment and compelling the defendant to proceed would not be an appealable ruling, although it would clearly deprive the defendant of a constitutional right. It may be that the denial of a constitutional right entitles the defendant to a discharge in a habeas corpus proceeding, but we are not now concerned

with the question whether defendant in this case was entitled to discharge on habeas corpus, unless, as counsel further contends, this court, being called upon to exercise its appellate jurisdiction with reference to the ruling on the motion to dismiss, may proceed to exercise its original jurisdiction by habeas corpus, and give to defendant a discharge which counsel contends he would be entitled to if a proceeding by habeas corpus were instituted. But we cannot entertain this view. The authorities cited in its support do not seem to have any application to such a situation as we have here. It certainly cannot be true that, when the jurisdiction of the court has been invoked to determine an appeal, it can proceed to discharge the defendant because of some state of facts which might have been set up in an original action in this court. The right to dismissal provided for by Code, section 5536, is to be granted "unless good cause to the contrary be shown." In an appeal it would be our duty to determine whether under the record presented such good cause was shown; but in an original proceeding by habeas corpus the showing would not be confined to the record presented on appeal, but the court would be required to hear original evidence which might be entirely different from that presented on the appeal and which the state could not be expected to meet until it had had the opportunity which ought to be afforded it in an original proceeding. It would tend to the greatest confusion if in the exercise of our appellate jurisdiction we were to proceed to determine the rights of the parties on evidence which could be submitted only in an original action. The general rule that an appeal in a criminal case can only be taken from the final judgment, and not from an intermediate ruling, even though such ruling be erroneous and ground for reversal when an appeal from the final judgment is properly presented, is too well settled to require citation of authorities and is fully recognized in the cases already cited.

As the court has no jurisdiction to entertain an appeal from the ruling complained of, no final judgment having been rendered in the case so far as appears from this record, the appeal is *dismissed.*