STATE OF IOWA, Appellee, v. WILLIAM YOUNG, Appellant.

**Criminal law:** APPEAL: RECORD: JUDGMENT. In criminal cases there
can be no appeal except from a final judgment; so that where
the record fails to show either an indictment or judgment, and
the abstract recites that after a verdict of guilty defendant was
given time to move in arrest of judgment and for a new trial,
but failed to show any ruling on the motion or exception taken,
except as to a ruling on the motion to direct a verdict, the appeal was not sustainable.

**Adultery:** INSTITUTION OF PROSECUTION. Where the record on a
prosecution for adultery shows that defendant's wife consulted
the county attorney with the view of commencing prosecution,
and that she went before the grand jury without subpoena for
that purpose, there was a sufficient showing that the prosecution
was instituted by the wife.

*Appeal from Wapello District Court.*—HON. D. M. ANDERSON, Judge.

WEDNESDAY, OCTOBER 19, 1910.

As stated in argument, defendant was convicted of the
crime of adultery, and appeals.—*Dismissed.*

*A. B. Williams* and *A. W. Enoch,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,*
Assistant Attorney General, for the State.

DEEMER, C. J.—The record as presented to us does
not show either an indictment or an appealable judgment.
What purports to be the testimony in some criminal case
is in an abstract, and from this it appears that someone
was being tried for adultery. Save from inference, it does

not appear that there was a jury trial, although the abstract recites that after a verdict of guilty defendant was given time to file a motion in arrest of judgment and for a new trial. Such a motion was filed after verdict, but· the record shows no ruling thereon, and no exception taken, except to a ruling on a motion to direct a verdict. No judgment appears, and the only thing which looks like a finality· is the verdict of guilty.

I. In criminal cases there can be no appeal, except from the final judgment. Code, section 5448, and cases cited in annotations, among them State v. Wheeler, 65 Iowa, 619, and State v. Evans, 111 Iowa, 80. The case does not come within any exception to the rule given by the statute referred to. However, we have looked into the matters argued in appellant's brief, and discover no such error as would have justified us in reversing the case in any event. There is ample testimony to sustain a finding by a jury that the prosecution was commenced on the complaint of defendant's wife. She went to see the county attorney to have the case commenced, and she voluntarily went before the grand jury for that purpose. It does not appear that she was subpœnaed before the grand jury, and the record justified a finding by the trial jury that the action was instituted by defendant's wife.

II. The verdict of guilty also has sufficient support in the testimony. We shall not set it out. Suffice it to say that the members of this court have severally read the record, and are of opinion that there is ample testimony to· sustain a verdict of guilty. It is immaterial, so far as this appeal is concerned, whether the final word be affirmed or dismissed; but the more logical conclusion, in view of the statute and our former holdings, is to dismiss.

The order, then, will be that the appeal be *dismissed*.