STATE INSTITUTION FOR FEEBLE-MINDED, Petitioner, v. G. W. STILLMAN, Judge, Respondent.

No. 46793.

NOVEMBER 13, 1945.

John M. Rankin, Attorney General, Robert L. Larson, Assistant Attorney General, and Paul D. Turner, County Attorney, for petitioner.

Miller, Miller & Miller, of Cherokee, for respondent.

MILLER, C. J.—On May 10, 1944, the juvenile court in and for Buena Vista county ordered that Geraldine Jacobsen, a minor residing in said county, be committed to the State Institution for Feeble-Minded at Woodward, Iowa, and be subject to the jurisdiction of the State Board of Control. She was duly committed to said institution pursuant to said order.

On July, 20, 1945, said Geraldine Jacobsen, acting by her father, filed in the district court of Buena Vista county a

petition for a writ of habeas corpus asserting: She is sixteen years of age and is detained at the institution at Woodward pursuant to the order aforesaid; the restraint is illegal because she is accused of being a neglected, dependent, and delinquent child and is feeble-minded, and her home is unfit, all of which allegations are untrue; the legality of her commitment has never been adjudicated; Judge Fred M. Hudson and the district court of Buena Vista County, Iowa, are the most convenient in point of distance to the applicant by reason of the fact that her home is in said county and all of the witnesses who are material to a proper determination of the cause are in Buena Vista county; application for such a writ has not been made to or refused by any judge or court. Pursuant to such petition, on July 19, 1945, a writ of habeas corpus was issued by Judge G. W. Stillman of the Fourteenth Judicial District.

On August 1, 1945, the defendants filed a special appearance and motion to dismiss, challenging the jurisdiction of the court because the petition was not presented to the court or judge most convenient in point of distance as required by sections 12471 and 12472, Code, 1939, and the court had no jurisdiction because, under said statutes, the judges of the district court in the judicial district in which Boone county is situated were, at the time the petition was filed, most convenient to the applicant in point of distance. Said special appearance and motion to dismiss were overruled. A writ of certiorari from this court was promptly applied for and was issued.

The legal question presented herein depends upon an interpretation of sections 12471 and 12472, Code, 1939, which provide as follows:

"12471 Application—to whom made. Application for the writ must be made to the court or judge most convenient in point of distance to the applicant, and the more remote court or judge, if applied to therefor, may refuse the same unless a sufficient reason be stated in the petition for not making the application to the more convenient court or a judge thereof.

"12472 Inmates of state institutions. When the applicant

is an inmate of or confined in a state institution the provisions of section 12471 relating to the court to which or the judge to whom applications must be made are mandatory, and the convenience or preference of an attorney or witness or other person interested in the release of the applicant shall not be a sufficient reason to authorize a more remote court or judge to assume jurisdiction."

The statute, as it now appears in section 12471, appeared as section 4420, Code, 1897. What is now section 12472 was originally enacted in 1913 as chapter 293, Acts of the Thirty-fifth General Assembly. A case which comments upon this change in the statute is that of Addis v. Applegate, 171 Iowa 150, 154 N. W. 168, Ann. Cas. 1917E, 332. That was a habeas corpus proceeding, commenced in 1912 in the Clayton District Court to determine the legality of petitioner's confinement in the State Hospital at Mount Pleasant as an inebriate. Defendant filed a motion to dismiss and a motion for change of venue to Henry county, where the institution is situated. Both motions were overruled. On the merits of the case, the trial court sustained the contentions of petitioner and ordered her discharged from the institution. The defendants appealed. The case was affirmed in 1915 by a divided court. The enactment of chapter 293 by the Thirty-fifth General Assembly in 1913, therefore, occurred between the time that the proceedings were commenced in 1912 and the decision of the case by this court in 1915.

In the majority opinion, which sustained the jurisdiction of the Clayton District Court under the provisions of section 4420, Code, 1897, as they stood in 1912, Judge Gaynor, speaking for this court, stated, at page 159 of 171 Iowa, page 172 of 154 N. W., as follows:

"It will be further noted that the statute says the application must be made to the judge '*most convenient* in point of distance to the applicant.' The convenience of the applicant seems to be the controlling thought of the legislature in the selection of the judge. There is nothing in the statute indicating that the legislature intended that the convenience of the party charged with the illegal restraint should be con-

sidered. It therefore occurs to the mind that it is not a matter of which he can complain if the application is made to one, though not convenient to him, who is alleged to be and claimed to be, convenient to the applicant. The question of convenience to the applicant is a matter that affects him alone, and if it is inconvenient for him to select a remoter judge, it is not for the other party to make complaint. No right is given defendant to select, nor is his convenience provided for in the statute."

Judge Salinger filed a special concurrence in which, at page 189 of 171 Iowa, page 182 of 154 N. W., he referred to the enactment of chapter 293 by the Thirty-fifth General Assembly as follows:

"If the legislature thought it proper or necessary to amend the statute under consideration, that was its right. Such amendment may prove that an amendment was needed to make the law what the minority asserts we should declare it to be without reference to amendment. But the amending of a statute is surely no reason why the Supreme Court should have done the amending, and beaten the General Assembly in a race at law making. If the legislature has by amendment given certain officers an immunity, it must be assumed that it needed the act of the legislature to create such immunity; the Supreme Court is not to create it."

Judge Deemer filed a vigorous dissent which began, at page 201 of 171 Iowa, page 187 of 154 N. W., as follows:

"The conclusion reached by the majority is fraught with such vital consequences that I cannot concur therein. Fortunately, the legislature has cured one of the mischiefs of the opinion by the enactment of Ch. 293, Acts of the Thirty-fifth General Assembly, making it impossible hereafter for inmates of inebriate asylums to commence actions of habeas corpus against the superintendents of the hospitals before any judge in any county of the state, no matter how remote, and compel him to go with all his witnesses to such remote court to resist the charge that an inmate has been cured of his habits and should be discharged. But for this providential act of the legislature, the superintendents of these hospitals would, under the

majority opinion, have little time for anything else than to defend suits brought for these inmates; and would be subject to costs and other expense for which there seems to be no reimbursement from the state."

Since the statements made by Judge Salinger and Judge Deemer were not concurred in by a majority of this court and did not pass upon a question then to be decided by this court, they do not constitute binding precedents. But they are very persuasive none the less. This is particularly so since, in all of the habeas corpus proceedings that have been before this court since 1915, we find no case where such an inmate has made the contention which was asserted in the trial court herein and is presented for our determination now. The bar of this state have apparently recognized the force of the foregoing reasoning and its obvious logic and have abided thereby. We now hold that section 12742, Code, 1939, means exactly what it says and that, where one is an inmate of a state institution, the judge or court "most convenient *in point of distance to the applicant*" is the court or judge sitting in the same county where the institution is located.

In the early case of Thompson v. Oglesby, 42 Iowa 598, 599, we stated:

"The statute is by no means clear upon this point. It should be observed, however, that the proper court or judge is not the one nearest the *residence* of the applicant, but the one nearest the applicant. Now if the applicant is the one who presents the petition, the court or judge to whom it is presented would necessarily be the nearest one."

While the language of section 12471 may not be clear, it is obvious to us that, under section 12472, the *mandatory* requirement is that the most convenient court or judge in point of distance to the inmate of a state institution is one which sits in the county where the institution is located because necessarily the distance to the applicant must be measured to such institution. If the statute does not mean that, it is difficult to determine what it was intended to mean.

In the case of Addis v. Applegate, supra, the question

was raised by a motion to dismiss and a motion for change of venue. Here the question was raised by a motion to dismiss and special appearance. No question appears to have been raised below that a motion for change of venue should have been filed and no such question is presented to us here. We are presented solely with the one legal question of the proper interpretation of section 12472. On that question we hold that the learned trial court was in error.

Under Rule 306 of the Rules of Civil Procedure, the purpose of these proceedings is to determine whether the trial court exceeded its jurisdiction or otherwise acted illegally. We have had before us on numerous occasions the question whether, in a given case, the proper remedy was by certiorari or appeal. The apparent hardship of some of these decisions is obviated by Rule 352 of the Rules of Civil Procedure which provides that, if a case is brought to this court by appeal or certiorari and this court is of the opinion that the other remedy was the proper one, the case will not be dismissed but will proceed as though the proper form of review had been sought. In view of this Rule and the absence of any challenge to the propriety of the form of review here sought, we determine only the one legal question, namely, that the judges of the Eleventh Judicial District, in which Boone county is situated, were the district judges to whom this application should have been presented under the mandatory provisions of section 12472, Code, 1939.

Therefore, the writ of certiorari herein must be and it is sustained.—Writ sustained.

All JUSTICES concur.