STATE OF IOWA, appellant, v. WALTER KENNETH ANDERSON, appellee.

No. 48336.

(Reported in 60 N.W.2d 794)

NOVEMBER 17, 1953.

Leo A. Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Morse Hoorneman, County Attorney, for appellant.

Loughlin & Loughlin, of Cherokee, and L. J. McGivern, of Marcus, for appellee.

OLIVER, J.—February 24, 1953, defendant was arrested and a county attorney's information was filed charging he "did, for a third offense, operate a motor vehicle on a public highway while in an intoxicated condition, in violation of section 321.281 of the 1950 Code of Iowa." The same day he entered a written plea of guilty and judgment was rendered that he be committed to the state penitentiary for not to exceed three years. February 28 he filed application to set aside and vacate the judgment and withdraw his plea of guilty, alleging, when he made the plea, he was without sleep, was ill and mentally confused, had no attorney and did not fully comprehend its nature and effect.

After a hearing, the court ordered and adjudged that the application be granted, the judgment entry be vacated and defendant be permitted to withdraw his plea of guilty. The order stated the court was not abidingly convinced defendant, at the time of the plea of guilty and sentence, fully understood the matters involved, notwithstanding the attempted explanation made by the court. From this order the State has appealed.

At the outset the question of the right to prosecute this appeal presents itself. The order or judgment from which the appeal was taken did not operate to discharge defendant from

further prosecution in the pending case. Nor did it invalidate the county attorney's information. It merely vacated the judgment of conviction and sentence and permitted defendant to change his plea to the county attorney's information. In effect it granted defendant a new trial on the same information.

■■ Chapter 793, Code of Iowa, 1950, governs appeals in criminal cases. Section 793.2 provides: "An appeal can only be taken from the final judgment * * *." This section applies to appeals by the State as well as those by the defendant. State v. Davis, 47 Iowa 634; State v. Evans, 111 Iowa 80, 82 N.W. 429; State v. Abel, 198 Iowa 68, 199 N.W. 354; State v. Archer, 244 Iowa 1045, 1061, 58 N.W.2d 44, 52. The language of the statute is plain and definite and leaves nothing for judicial construction. It is clear the order from which the State appealed was not the final judgment. See decisions above-cited and State v. Sloan, 131 Iowa 676, 109 N.W. 190; State v. Olsen, 180 Iowa 97, 101, 162 N.W. 781; State v. Doty, 109 Iowa 453, 80 N.W. 505.

■ Although defendant has not questioned the right of the State to prosecute this appeal, it is the duty of this court to dismiss or refuse to consider an appeal which the court has no jurisdiction to entertain. Kulhavy v. Rugger, 241 Iowa 520, 522, 41 N.W.2d 664, 665, and citations; In re Estate of France, 244 Iowa 519, 521, 57 N.W.2d 198, 199; State v. Gallaugher, Iowa, 101 N.W. 193, not reported in Iowa Reports; State v. Archer, supra, 244 Iowa 1045, 1061, 58 N.W.2d 44, 52. We conclude the appeal in the case at bar must be dismissed.·

The scope of this decision is limited to appeals in criminal cases. In this connection some further discussion may be appropriate. Section 777.15, Code of Iowa, 1950, provides: "At any time before judgment, the court may permit the plea of guilty to be withdrawn * * *." That statute and various decisions such as State v. Van Klaveren, 208 Iowa 867, 226 N.W. 81, were cited by the State. Section 787.2 of the Code provides the application for a new trial must be made before judgment. The State contended that, after the judgment of conviction was rendered, such judgment was not open to review in the manner attempted, that the statute deprived the trial court of the power to thus vacate the judgment, "and what it [the court] did was in excess of its jurisdiction."

The Rules of Civil Procedure provide a writ of certiorari may issue where a tribunal is alleged to have exceeded its proper jurisdiction or otherwise acted illegally. R. C. P. 306. The contention of the State that the court exceeded its proper jurisdiction makes it appear the order complained of could have been reviewed by a proceeding in certiorari. See State v. Gaffney, Judge, 237 Iowa 1399, 1403, 25 N.W.2d 352, 354. The statute here involved, section 793.2, Code of Iowa, which provides an appeal in a criminal case can only be taken from the final judgment, refers to appeals only. It does not apply to proceedings in certiorari.

At this point it may be well to note a difference between appellate procedure in civil and criminal cases. Rule 352, Rules of Civil Procedure, provides: "If any case is brought to the supreme court by appeal or certiorari, and the court is of the opinion that the other of these remedies was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been sought."

The statutes which govern appeals in criminal cases contain no such provision. It has been pointed out that rule 352, Rules of Civil Procedure, obviates the apparent hardship of some previous decisions in which the question was whether, in a given case, the proper remedy was by certiorari or appeal. State Institution v. Stillman, Judge, 236 Iowa 1023, 1028, 20 N.W.2d 417, 420. Were rule 352 here applicable, it seems it would not have been necessary to dismiss this appeal. However, that rule does not apply to appeals in criminal cases and may not be here invoked. See State v. Thomas, 238 Iowa 998, 29 N.W.2d 198.— Appeal dismissed.

All JUSTICES concur.