STATE OF IOWA, appellee, v. RICHARD WILLIAM FEES, appellant.

No. 49519.

(Reported in 93 N.W.2d 103)

164

Holliday, Miller, Myers & Stewart, of Des Moines, for appellant.

Norman A. Erbe, Attorney General, Freeman H. Forrest, Assistant Attorney General, and Ray Hanrahan, County Attorney, of Des Moines, for appellee.

GARFIELD, C. J.—Defendant was indicted, tried by court and jury and convicted of the crime of breaking and entering, in violation of section 708.8, Code, 1954. He undertook to appeal to us by *filing* with the clerk of the district court a notice of appeal containing the caption of the case and reciting, "COMES Now the defendant and appeals from each and every adverse ruling in the above entitled cause." The notice was signed by defendant's attorneys but was not addressed to the State or anyone else. The notice evidently was not served upon anyone but merely bears the notation, "County Atty office rec'd copy 15 April 1958 by Donald Daughton, Asst co. atty."

We are agreed we have no jurisdiction to entertain this appeal and it must be dismissed.

I. Code section 793.2 provides that in a criminal case "An appeal can only be taken from the final judgment, * * *." See State v. Anderson, 245 Iowa 99, 60 N.W.2d 794. The notice here does not describe or identify the final judgment. The rule is that a notice of appeal must sufficiently describe or specify the judgment or order appealed from. Pilkington v. Potwin, 163 Iowa 86, 94, 95, 144 N.W. 39, 42; 4A C. J. S., Appeal and Error, section 593(6); 3 Am. Jur., Appeal and Error, section 472. This, however, is not the principal basis for dismissing the appeal.

II. The statute that governs taking an appeal in a criminal case, Code section 793.4, provides: "An appeal is taken and perfected by the party or his attorney serving on the adverse party or his attorney of record * * * a notice in writing of the taking of the appeal, and filing the same with such clerk, with evidence of service thereof indorsed thereon or annexed thereto."

So far as applicable here this statute is like section 12837, Code, 1939, which governed appeals in civil cases before it was superseded by rule 336, Rules of Civil Procedure. We held several times that a notice of appeal, under 12837, must be addressed to the adverse party (his agent) or attorney in order to confer jurisdiction upon this court. Pilkington v. Potwin, supra, 163 Iowa 86, 93, 144 N.W. 39, 42, and citations; Snyder v. Incorporated Town of Spirit Lake, 218 Iowa 774, 254 N.W. 14, and citations.

We see no reason why the same rule should not apply to a notice of appeal in a criminal case under section 793.4. Failure to address this notice of appeal to the adverse party or its attorney renders it fatally defective.

III. There is still another ground upon which our decision rests.

It is apparent defendant attempted to appeal by *filing* notice thereof with the clerk of the district court in the manner provided by rule 336, Rules of Civil Procedure, governing appeals in civil cases, rather than by *serving* notice on the adverse party as required by section 793.4, applicable to criminal cases. This from State v. Thomas, 238 Iowa 998, 999, 29 N.W.2d 198, 199, is controlling here:

"An appeal in a criminal case cannot be taken and perfected by filing notice of appeal with the clerk of the court * * * in the manner provided by Rule 336. The Rule has no application to appeals in criminal cases, which are still governed by the statute, section 793.4.

"We have been compelled to dismiss attempts to appeal in several criminal cases because no notice was served as required by section 793.4, even though notice of appeal was filed in accordance with Rule 336. It is regrettable that attorneys in

criminal cases persist in attempting to appeal by proceeding under Rule 336 rather than under the applicable statute, section 793.4.—Appeal dismissed."

See also State v. Wills, 236 Iowa 196, 18 N.W.2d 81. State v. Thomas, supra, is cited with approval in State v. Anderson, supra, 245 Iowa 99, 102, 60 N.W.2d 794, 796.

Halverson v. Hageman, 249 Iowa 1381, 1391, 92 N.W.2d 569, 575, points out that a notice of appeal in a civil action, pursuant to rule 336, need not be addressed to, or served upon, the adverse party—filing is sufficient.

IV. Although the State has not moved to dismiss the appeal or questioned defendant's right to prosecute it, we have the duty to dismiss or refuse to consider an appeal we have no jurisdiction to entertain. State v. Anderson, supra, 245 Iowa 99, 101, 60 N.W.2d 794, 796, and citations; State ex rel. McPherson v. Rakey, 236 Iowa 876, 882, 20 N.W.2d 43, 46.

V. For the benefit of the parties and their counsel we will say that if we were to entertain the appeal, the single error assigned of admitting in evidence defendant's written confession could not be sustained.—Appeal dismissed.

All Justices concur.