Adolpho **RODRIQUEZ**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21410.

United States Court of Appeals
Ninth Circuit.

Dec. 5, 1967.

Rehearing Denied Jan. 9, 1968.

———◆———

Adolpho Rodriquez, in pro. per.

John P. Hyland, U. S. Atty., Richard V. Boulger, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before JERTBERG and DUNIWAY, Circuit Judges, and WEIGEL, District Judge.

**PER CURIAM:**

Following a jury trial, appellant was convicted on all counts of an eleven count indictment charging violations of the Federal Narcotics Law, and on June 20, 1963, was sentenced to the custody of the Attorney General for a period of twenty years on each count, the sentences to run concurrently.

On October 31, 1963, appellant filed a motion in this court which, in substance, was a request to permit appellant to file an appeal from the district court judgment after the time set by Rule 37 (a) Federal Rules of Criminal Procedure had expired, or, in the alternative, for a writ of habeas corpus. On November 18, 1963, this court denied the motion for lack of jurisdiction, citing United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), and refused to treat the issue as an application for a writ of habeas corpus.

On June 27, 1966, appellant filed a petition in the district court under the provisions of 28 U.S.C. § 2255, requesting the judgment of conviction be set aside "so that he would be restored to the status of one whose sentence has just been imposed and who has ten (10) days within which to institute a direct appeal." The petition was denied without a hearing.

Appellant filed a timely appeal and prosecutes his appeal *pro se* and *in forma pauperis*.

In denying the petition the district court stated:

"Oral notice of appeal was given at the time of sentencing, but petitioner's trial counsel failed to file a written notice of appeal, as provided by Federal Criminal Procedure Rule 37(a). Petitioner alleges: 'Thus, when trial counsel failed to file a written notice of appeal * * * with the knowledge that petitioner could not comply with Rule 37(a) (1), he did with intent and knowledge deprive petitioner of his right to appeal by fraud.'

"The foregoing statement is petitioner's sole ground for relief. He does not assert that the failure to appeal resulted in the loss of a basic right, constitutional or otherwise, for which loss he is entitled to a remedy under § 2255. Petitioner has not, beyond the above conclusory statement, disclosed to this Court the nature of the error and prejudice which he proposes by appeal to correct. Consequently, there is no way in which this Court can determine the existence of prejudice or judge the substantiality of petitioner's claim."

The order of the district court is affirmed on the authority of McGarry v. Fogliani, 370 F.2d 42 (9th Cir. 1966); Miller v. United States, 339 F.2d 581 (9th Cir. 1964); and Wilson v. United States, 338 F.2d 54 (9th Cir. 1964).