Eugene BLANCHARD, Appellant,

v.

John E. BENNETT, Warden Iowa State
Penitentiary, Fort Madison,
Iowa, Appellee.

No. 53560.

Supreme Court of Iowa.

May 6, 1969.

Roy W. Meadows, of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., Michael M. Phelan, Asst. County Atty., Fort Madison, for appellee.

MOORE, Justice.

The sole question presented by this habeas corpus action is whether plaintiff, Eugene Blanchard, is entitled to release from custody because his retained counsel failed to comply with the statutory procedure re-

quired to perfect an appeal from a criminal conviction.

Plaintiff was convicted of criminal solicitation upon a jury trial in Lee County District Court. Sentence of a term not to exceed five years in the state penitentiary at Fort Madison was imposed February 14, 1968. Code section 724.2. Plaintiff professed his innocence and notified his retained attorney, Neil McManus, of his desire to appeal from said conviction. Mr. McManus, an experienced trial attorney and member of the Iowa Bar since 1938, agreed to perfect the appeal but contacted plaintiff's present attorney for purposes of handling all other aspects of the appeal.

On March 12 Mr. McManus filed a notice of appeal with the district court clerk. March 13 the clerk mailed a certified copy of this notice to the attorney general's office. The clerk on March 14 mailed to the clerk of this court a transcript of all record entries in the case as required by Code section 793.6.

Section 793.4, Code, 1966, provides: "Taking and perfecting. An appeal is taken and perfected by the party or his attorney serving on the adverse party or his attorney of record in the district court at the time of the rendition of the judgment, a notice in writing of the taking of the appeal, and filing the same with such clerk, with evidence of service thereof indorsed thereon or annexed thereto."

Plaintiff concedes the notice of appeal was never served on the county attorney as required by section 793.4 and of course evidence of service thereof was not endorsed thereon or annexed thereto. This substantial oversight was due in part to Mr. McManus' mistaken reliance on his past practice in handling appeals whereby he had relied on the district court clerk to forward a copy of the notice of appeal to the county attorney. He testified he was not aware of the statutory requirement that in criminal cases the notice of appeal must be served on the county attorney. The procedure followed by Mr. McManus was that provided by rule 336, Rules of Civil Procedure, for giving notice of appeal in a civil case. The county attorney had been advised an appeal would be taken and learned later a notice of appeal was on file in the clerk's office.

No proper notice of appeal having been served on the county attorney or his assistant a motion to dismiss the appeal was filed by the assistant attorney general on April 26 and sustained by this court on July 29. On August 16 we denied an application for permission to take a delayed appeal. The application was based on Mr. McManus' mistake and made no contention the state had in any way interfered with the attempt to appeal.

Thereafter, plaintiff filed his petition for a writ of habeas corpus. Following an evidentiary hearing the trial court filed his findings of fact and conclusions of law.

The court's findings include: "1) That the plaintiff makes no claim that his legal counsel did not properly and adequately represent him at all stages of his trial prior to imposition of sentence;

"2) That the plaintiff is being held in the Iowa State Penitentiary at Fort Madison, Iowa, by virtue of a mittimus directed to the Warden of the Penitentiary, following the entry of judgment and imposition of sentence on February 14, 1968;

"3) That the plaintiff was represented by competent and adequate legal counsel throughout his trial; and that the failure to perfect his appeal does not constitute a defect so as to render the judgment of the court subject to a collateral attack by way of habeas corpus."

The trial court concluded "the plaintiff has failed to establish his claim that he was deprived of competent counsel and insufficient legal assistance so as to constitute a lack of adequate legal counsel."

From denial of a writ of habeas corpus plaintiff has appealed. We affirm.

I. We have uniformly held the trial court's findings in a habeas corpus action not involving custody of a child are binding upon us if supported by substantial evidence. Scalf v. Bennett, Iowa, 147 N.W.2d 860, 862; Herold v. Haugh, 259 Iowa 667, 669, 145 N.W.2d 657, 659; Birk v. Bennett, 258 Iowa 1016, 1019, 141 N.W.2d 576, 578.

II. Service of the notice of appeal upon the county attorney or an assistant county attorney is necessary to perfect an appeal from a criminal conviction. Without such service, as required by section 793.4, this court is without jurisdiction to consider a defendant's appeal. An appeal in a criminal case cannot be taken and perfected by filing the notice of appeal with the clerk of the court in the manner of a civil action. State v. Spillane, Iowa, 150 N.W.2d 595; State v. Birchall, Iowa, 150 N.W.2d 715; State v. McCune, 259 Iowa 386, 144 N.W.2d 401; State v. Fees, 250 Iowa 163, 93 N.W.2d 103; State v. Thomas, 238 Iowa 998, 29 N.W.2d 198.

We do not understand plaintiff contends we erred in refusing to entertain his defectively filed appeal or in denying his application for a delayed appeal. In Ford v. State, 258 Iowa 137, 138 N.W.2d 116, we affirmed the trial court's denial of a writ of habeas corpus but, under the peculiar facts, granted a delayed appeal. There the evidence revealed Ford, without counsel had been prevented from giving timely notice of appeal by either misfeasance or malfeasance on the part of the statute authorities at the men's reformatory. No such contention or facts are before us here.

III. Plaintiff argues he is entitled to a writ on the ground he was deprived of adequate and effective counsel following his conviction in that said counsel failed to serve notice of appeal in accordance with section 793.4. He makes no contention of any violation of constitutional rights during trial of the criminal case.

We are aware of the importance and continually expanding scope of the writ of habeas corpus. See Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed. 2d 281; Kaufman v. United States, 394 U. S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227, both filed March 24, 1969. We are not, however, persuaded plaintiff's allegation of inadequate counsel, standing alone and viewed within the context of the facts of this case, presents a question of the necessary constitutional dimensions to warrant issuance of the writ.

Although the Supreme Court has not squarely ruled on this rather narrow issue, other courts have held relief by way of post conviction remedies foreclosed under similar facts.

In Dennis v. United States, 4 Cir., 177 F.2d 195, petitioner appealed from the district court's order denying his application for collateral relief under 28 U.S.C.A. section 2255. In its affirmance the court of appeals at page 195 said: "He claims that his counsel did not take an appeal for him as instructed; but, aside from the fact that it appears that counsel advised him that he had no ground for appeal and received no further instructions, failure to appeal may not be excused upon a mere showing of neglect of counsel. The motion was properly denied."

In Mitchell v. United States, 103 U.S. App.D.C. 97, 254 F.2d 954, 955, petitioner alleged he had been denied effective assistance of counsel because his trial counsel had failed to appeal. In affirming the district court's denial of post conviction relief the court said: "It has been said that 'failure to appeal may not be excused upon a mere showing of neglect of counsel.' Dennis v. United States, 4 Cir., 177 F.2d 195. Perhaps that statement is too broad. We need not now decide whether failure to appeal would be a denial of effective assistance, and would open a conviction to 'collateral attack' under § 2255, if there were plain reversible error in the trial. There was no such plain error in this trial."

In Peabody v. United States, 9 Cir., 394 F.2d 175, at page 177, petitioner appealed from the district court's denial of his application for post conviction relief. He alleged he had been denied his right of direct appeal and that prejudicial errors had been committed during his trial. In refusing to grant relief on either count the court said: "We have examined the record and fully agree with the district court that appellant has not disclosed the nature of the error and the prejudice which he proposes, by this appeal, to correct. His allegations are purely conclusionary.

"It is settled in this Circuit that a motion to vacate sentence, on the ground that petitioner's right to appeal has been frustrated, may succeed only if the motion alleges facts showing the occurrence of prejudicial trial errors that would have called for reversal of his conviction. Rodriquez v. United States, 387 F.2d 117 (9th Cir. 1967); McGarry v. Fogliani, 370 F.2d 42 (9th Cir. 1966) and cases cited in fn. 6, at page 44 thereof." For discussion of the same issue in the lower court see 173 F. Supp. 413.

In Pitts v. State of North Carolina, M. D. North Carolina, 267 F.Supp. 870 (reversed on other grounds, United States v. Grow, 4 Cir., 394 F.2d 182), petitioner sought a writ of habeas corpus alleging among other things, he had been denied his right of appeal because of his counsel's neglect in failing to perfect an appeal. In denying relief on this ground the district court said at page 875, 267 F.Supp.: "There is some divergence of opinion among the courts on the effect of the neglect of counsel to perfect an appeal on a habeas corpus petitioner's rights. Our Circuit Court has said that failure to appeal may not be excused upon a mere showing of neglect of counsel. Many cases hold that in order for the petitioner to receive an appeal he must show that plain error was made at the trial which would have made his appeal fruitful. One case says that the state must show that an appeal would have been futile. The weight of authority clearly stands for the proposition that the petitioner who claims he was denied his right to appeal through the neglect of counsel must show that his appeal would have been fruitful. This Court is persuaded to follow that line of authority."

In Dodd v. United Sates, 9 Cir., 321 F.2d 240, 243, the court recognizes the general principle that: "(1) failure to appeal may not be excused by a mere showing of *neglect* of counsel:". The footnote sets out and discusses several authorities supporting this principle. See also Layne v. United States, E.D.Tenn., 266 F.Supp. 656; Anno. 19 A.L.R.2d 789, pages 794 and 804; Anno. 74 A.L.R.2d 1390, page 1457.

█ From a careful review of the cases which have considered the problem two general principles emerge: (1) failure to appeal is not generally excused by a mere showing of neglect of counsel and (2) in any event to become entitled to relief by way of collateral attack on such a claim petitioner must allege and demonstrate prejudicial error in the trial proceedings.

█ Here we are presented with no more than a demand to be released from custody on the single allegation of incompetent counsel for failure to properly perfect an appeal. While the loss of the right to appeal, which is granted by Code section 793.1, because of inadequate or inefficient counsel, may rise to the level of a constitutional deprivation in a given case with additional facts, we are not persuaded that allegation standing alone is sufficient here to entitle plaintiff to relief by a writ of habeas corpus.

Although not decisive of the issue before us, it is worthy of note that plaintiff was represented at trial and here, by retained counsel of his choice. In United States ex rel. Mitchell v. Follette, 2 Cir., 358 F.2d 922, complainant brought a habeas corpus action alleging his assigned counsel had not properly protected his right to appeal. In addressing himself to this problem

Judge Friendly, writing for a three judge panel at pages 925, 926, said: "We likewise do not understand Mitchell now to claim that failure of assigned counsel properly to advise him of his right to appeal would be attributable to the state. Occasional shortcomings of counsel are a danger confronting all, a point clearly recognized in Coppedge v. [United States], 369 U.S. [438] 443, n. 5, 82 S.Ct. 917 [8 L.Ed. 2d 21], and those able to retain counsel may forfeit the right to appeal through such oversight or ineptitude as fully as those who are not. See Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L. Ed.2d 1012 (1964); Peoples v. United States, 337 F.2d 91 (10 Cir. 1964), cert. denied, 381 U.S. 916, 85 S.Ct. 1540, 14 L.Ed. 2d 436 (1965)."

Plaintiff relies heavily on State v. Williams, 181 Neb. 692, 150 N.W.2d 260, wherein a divided Nebraska Supreme Court in a post conviction proceeding ordered a delayed appeal be granted to a petitioner who had lost his right to direct appeal through counsel's failure to perfect an appeal. It is readily distinguishable from the case at bar for several reasons. The court there stressed the fact of petitioner's indigency, emphasized counsel refused to take an appeal even though requested by petitioner to do so, and noted petitioner alleged other errors in the trial proceedings. These seemingly critical factors are not present here. The case has little, if any, authoritative value under the facts here.

Plaintiff also cites State v. Mason, 90 N.J.Super. 464, 218 A.2d 158, where an indigent defendant appearing pro se brought a habeas corpus action alleging he had been illegally denied his right to a direct appeal. The question of incompetent counsel for failure to perfect an appeal was never raised. All attempts to appeal had been made by the petitioner himself. Noting that petitioner was an incarcerated indigent who had without the aid of counsel made repeated bona fide attempts to file a notice of appeal within the proper time, the court set aside the conviction.

Neither the facts nor the issues raised there are relevant or persuasive authority for plaintiff's position here.

The other cases cited by plaintiff are similarly inapposite to the facts and issues here under consideration.

The trial court's findings of fact are amply supported by the record. The order appealed from was correct.

Affirmed.

All Justices concur except RAWLINGS and BECKER, JJ., who dissent.