Melvin R. CLEESEN, Appellant,

v.

Lou V. BREWER, Warden, Iowa State Penitentiary, Appellee.

No. 53763.

Supreme Court of Iowa.

Nov. 12, 1969.

T. A. Lawse, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Thomas E. Tucker, Asst. Lee County Atty., for appellee.

LeGRAND, Justice.

Were it not for the recent Supreme Court decision of Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340, the present habeas corpus appeal would unquestionably be controlled by Blanchard v. Bennett, filed May 6, 1969, and reported in 167 N.W.2d 612.

Our present problem is to determine what effect Rodriquez should be given under the circumstances here.

Petitioner, after trial by jury, was convicted of breaking and entering in Lee County. He was sentenced on October 30, 1968. He was then represented by Charles O. Frazier, a Keokuk attorney. Mr. Frazier filed notice of appeal on December 11, 1968, well within the 60-day period provided in section 793.2, Code of Iowa. However, he neglected to serve notice of appeal on the State or on the Lee County Attorney as required by section 793.4, Code.

Subsequently we dismissed the appeal for failure to serve the notice as the statute directs. We have held this to be jurisdictional. Blanchard v. Bennett, supra, and citations. Petitioner then

brought this habeas corpus action claiming he is illegally restrained because he has been deprived of his opportunity to appeal and asking that he be discharged from custody. No complaint is made about any of the trial proceedings. The district court found the only issue raised by petitioner at the habeas corpus hearing was the failure of his attorney to serve a proper notice of appeal. It further found this alone was insufficient to entitle him to relief by way of habeas corpus. Petitioner appealed from judgment denying the writ.

This identical situation confronted us in Blanchard v. Bennett, supra. There we discussed the principles involved and the authorities relied upon, both by the appellant and the state. There, as here, no claim of faulty representation at trial was made. No violation of rights prior to the defective appeal procedure is asserted. Petitioner did not ask for a delayed appeal, such as we granted in Ford v. State, 258 Iowa 137, 138 N.W.2d 116, concluding such application would be futile. An application for delayed appeal was rejected in the Blanchard case.

We need not repeat the authorities relied on by us in Blanchard, and we refer to that opinion and its discussion to support the result reached here.

Subsequent to our Blanchard case, the Supreme Court of the United States decided Rodriquez. That opinion was filed June 2, 1969. Petitioner insists it entitles him to a reversal.

While we do not discount the possibility the Rodriquez decision will be extended to include situations such as the present one at some future date, we conclude it does not now serve as authority for petitioner's position. Rodriquez deals with a prosecution in federal court. It involves a conviction on a narcotics charge, appealed from federal district court to the 9th Circuit Court of Appeals. The circuit court held failure to serve notice of appeal under the federal rules was fatal to the appeal, 387 F.2d 117.

The supreme court reversed, holding the defendant could not be deprived of his absolute right of appeal by such failure under the circumstances there existing.

The Rodriquez case is easily distinguishable from ours on several factual matters which we find significant. First, the federal district court refused to entertain a motion which defendant's counsel sought to make after sentencing. The motion was intended to show defendant should be allowed to proceed in forma pauperis. The supreme court held this alone should have alerted the trial court that defendant was contemplating an appeal and that he would be without counsel unless the forma pauperis motion was granted. Second, defendant's petition in habeas corpus alleged he had been *fraudulently* deprived of his right of appeal. No allegation of fraud is made here. Third, the supreme court found the trial court erroneously failed to advise defendant of his right to appeal, despite Federal Rule of Criminal Procedure 37(a)(2) which directed him to do so.

It is apparent from the above that Rodriquez was not decided on constitutional grounds which would compel its application here. It is further evident the opinion attaches considerable importance to the failure of the trial court to discharge its obligation to advise defendant concerning his right to appeal, a circumstance entirely absent here.

Although we are not obliged to follow the Rodriquez decision, we may do so, of course, if its reasoning is persuasive. However, under the facts presented here, we are not inclined to abandon the rule so recently approved in the Blanchard case.

For the reasons heretofore stated, the judgment of the trial court is affirmed.

Affirmed.

All Justices concur, except RAWLINGS and BECKER, JJ., who dissent.

RAWLINGS, Justice (dissenting).

It is to me apparent Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed. 2d 340, and authorities cited therein, are here most persuasive if not controlling. See also Atilus v. United States, 5 Cir., 406 F.2d 694.

I would now grant petitioner leave to appeal or alternatively reverse.

BECKER, J., joins in this dissent.