**STATE of Iowa, Appellee,**

v.

**Raymond H. HORSEY, Appellant.**

**No. 53232.**

Supreme Court of Iowa.

May 5, 1970.

Joseph L. Phelan, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., and James W. Hughes, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

Defendant was convicted of operating a motor vehicle while intoxicated in violation of section 321.281, 1966, Code of Iowa. His motion for new trial was overruled, and he was sentenced to pay a fine of $375.00.

The printed record contains only the statement that notice of appeal to the Su-

preme Court was given. However, from the clerk's transcript, which is also before us, we find defendant's notice of appeal was as follows:

"In the District Court of the State of Iowa in and for Lee County at Keokuk

State of Iowa,
        Plaintiff,

        v.

Raymond Horsey,
        Defendant.

CASE NO. 6826

NOTICE OF APPEAL TO THE
SUPREME COURT

"TO: Lyle B. Miller, Clerk of the above named court:

"You are hereby notified that the defendant herein has appealed to the Supreme Court of Iowa, from the final judgment in this cause and from the final order or decree herein and from each and every ruling adverse to the plaintiff [sic] during the progress and hearing of the said case and that said appeal will come on for hearing in its regular order in said court.

"Dated at Fort Madison, Iowa this 3rd day of May, 1968.

> JOSEPH L. PHELAN
>
> By: /s/ Joseph L. Phelan
> 608 – 7th Street
> Fort Madison, Iowa 52627
> Telephone 372–4554
>
> Attorney for the defendant."

"Certificate of Clerk

"This is to certify that the above and foregoing notice of appeal to the Supreme Court was filed in my office on the 3rd day of July, 1968 at 2:50 P.M. and a copy of said notice was duly mailed or delivered to the attorneys of record for all parties other than the appellant.

"Dated at Keokuk, Iowa this 9th day of July, 1968.

> /s/ Lyle B. Miller, Clerk of District Court"

---

The notice was not addressed to the State of Iowa nor was it served on the State or on the county attorney.

Appeals in criminal cases must be taken and perfected as provided in section 793.4, Code of Iowa, which provides:

"An appeal is taken and perfected by the party or his attorney serving on the adverse party or his attorney of record in the district court at the time of the rendition of the judgment, a notice in writing of the taking of the appeal, and filing the same with such clerk, with evidence of service thereof indorsed thereon or annexed thereto."

It is clear defendant's counsel served notice of appeal as provided for civil causes under rule 336, Rules of Civil Procedure rather than the section above set out.

We have held compliance with section 793.4 is jurisdictional. Failure to observe its terms requires a dismissal. State v. Thomas, 238 Iowa 998, 999, 29 N.W.2d 198, 199; State v. McCune, 259 Iowa 386, 387, 144 N.W.2d 401; State v. Spillane, 260 Iowa 779, 781, 150 N.W.2d 595, 596; State

v. Birchall, 260 Iowa 756, 757, 150 N.W.2d 715, 716; Blanchard v. Bennett, Iowa, 167 N.W.2d 612, 614.

■ We are obliged to dimiss this appeal even though the State has not raised the question and does not ask a dismissal on that ground. We faced this same situation in State v. Fees, 250 Iowa 163, 166, 93 N.W.2d 103, 105, where we said, "Although the state has not moved to dismiss the appeal or questioned defendant's right to prosecute it, we have the duty to dismiss or refuse to consider an appeal we have no jurisdiction to entertain. * * *"

In State v. Anderson, 245 Iowa 99, 101, 60 N.W.2d 794, 796, we dismissed the State's appeal on our own motion because "it is the duty of this court to dismiss or refuse to consider an appeal which the court has no jurisdiction to entertain." See also State v. Addison, 250 Iowa 712, 715, 95 N.W.2d 744, 746.

■ We do not dispose of defendant's appeal in this manner by choice. However, we can only repeat—again—what we said in State v. Thomas and State v. Fees, both supra, "An appeal in a criminal case cannot be taken and perfected by filing notice of appeal with the clerk of the court * * * in the manner provided by rule 336. The rule has no application to appeals in criminal cases which are still governed by the statute, section 793.4.

"We have been compelled to dismiss attempts to appeal in several criminal cases because no notice was served as required by section 793.4, even though notice of appeal was filed in accordance with rule 336 * * *."

For these reasons the appeal is dismissed.

Although this disposes of defendant's appeal, we feel it proper to say that the single error assigned—misconduct on the part of the county attorney in final argument—would not have justified a reversal on the record before us.

Appeal dismissed.

All Justices concur.